E. Edelstein v. J. M. Brown et al.

No. 1668.· Decided March 6, 1907.

**1.—Marriage—Evidence—Transactions with Decedents.**

Where the children of one who had lived with defendant and passed as his wife were suing him for her interest as such in community property, his evidence that 'they were never married, at common law or otherwise, was properly excluded as being testimony of a party as to transactions with deceased, prohibited by article 2302, Revised Statutes.    (Pp. 404, 405.)

**2.—Same.**

The admission of testimony of one of the plaintiffs that defendant and his mother, for whose interest in community property he was suing defendant, had lived together as husband and wife, was not ground for reversal where the facts so testified to were admitted by defendant as a witness.    (P. 405.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Camp County.

Brown and others sued Edelstein to recover community property of their mother who was alleged to be his wife.    Plaintiffs had judgment and defendant appealed.    On affirmance he obtained writ of error.    A previous recovery by plaintiffs was reversed on appeal.    80 S. W. Rep.; 1027.

*M. M. Smith, E. A. King* and *Morris & Crow,* for plaintiff in error. —In all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with or statement by such decedent in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transactions with, or statement by, the intestate, unless called to testify thereto by the opposite party.    Potter v. Wheat., 53 Texas, 401; Mast v. Tibbles, 60 Texas, 301; Newton v. Newton, 77 Texas, 508; Britton v. Tischmacher, 31 S. W. Rep., 241; Wagner v. Isensee, 33 S. W. Rep., 155.

A party, under article 2302, Revised Statutes, 1895, may testify without restriction as to what he has done and as to his purpose and intention and want of knowledge of certain facts.    Rev. Stats., 1895, art. 2302; Parks v. Caudle, 58 Texas, 216; Lewis v. Whitworth, 54 S. W. Rep., 1077.

*Sam D. Snodgrass* and *W. R. Heath,* for defendants in error.—In actions by and against executors, administrators or guardians, or the heirs of a decedent, either party may testify as any other witness except that they may not testify to any transaction with or statement by the deceased.    Rev. Stats., 1895, art. 2302; Brown v. Mitchell, 88 Texas, 356.

The admission of the testimony of parties as to transactions with plaintiffs' intestate is not reversible error when other witnesses whose competency is not questioned have testified to the same facts, or when the opposite parties testified to the same facts.    Staley v. Hankla, 43 S. W. Rep., 20; Clarke v. Adams, 69 S. W. Rep., 1016.

A party may, under Revised Statutes, 1895, article 2302, testify to anything that he himself may have done that was in no way connected with deceased, but he may not testify, either affirmatively or negatively, concerning any transaction with or statement by deceased. Hazlewood v. Pennybacker, 50 S. W. Rep., 201; Howard v. Zimpleman, 14 S. W. Rep., 59.

BROWN, ASSOCIATE JUSTICE.—J. M. and L. B. Brown instituted this action in the District Court of Camp County, in which they alleged that they were the children and only heirs of Mrs. Sarah Edelstein, deceased, who was the wife of the defendant, E. Edelstein; that Mrs. Edelstein had departed this life, leaving community property of herself and her said husband which was in the hands and possession of defendant Edelstein. They prayed for the appointment of a receiver for the estate, which was done, and that they should recover their mother's interest in the community property of the said Edelstein and wife. Plaintiffs were the children of Mrs. Edelstein by a former husband.

Edelstein denied the marriage between himself and the plaintiffs' mother, at the same time admitting in his testimony that he and the plaintiffs' mother had maintained illicit intercourse with each other during her marriage to three husbands, from all of whom she had been divorced, and that subsequent to the divorce from the last hustime he lived in the house with them, and that they lived together occupying the same room and oftentimes the same bed. There was no evidence of any statutory marriage and plaintiffs relied upon the presumption of marriage arising from the facts of the cohabitation.

L. B. Brown, one of the plaintiffs, was introduced as a witness on their behalf and testified at length to the facts of the cohabitation between Edelstein and his mother during many years, a part of which time he lived in the house with them, and that they lived together as man and wife up to the time of his mother's death in the year 1902. The defendant Edelstein objected to this testimony upon the ground that it was proof of a transaction between the deceased mother of the plaintiffs, under whom they were claiming, and the defendant, but the court overruled the objection and admitted the evidence.

E. Edelstein being upon the stand as a witness in his own behalf, his attorneys propounded to him questions in reply to which he would have answered: "I was never married to the mother of the plaintiffs and she and I never agreed in any way or form to become husband and wife and I never at any time agreed with her to become her husband and I never was married to her. It was not understood between them at any time prior to her death that she was my wife or I her husband." The testimony was objected to by the plaintiffs' counsel and the court sustained the objection, because under article 2302, Revised Statutes, the defendant was not competent to testify as to transactions between himself and the deceased mother of the plaintiffs.

The writ of error in this case was granted upon the ground that the trial court erred in excluding the testimony of Edelstein as shown

in the foregoing statement. The action of the trial court was based upon the following article of the Revised Statutes:

"Art. 2302. In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

This suit was by the children and heirs of Mrs. Edelstein whom they claimed to have been the wife of the defendant, Edelstein, at the time of her death. The object was to recover her interest in the community property. Edelstein denied the marriage but admitted all of the facts which were testified to by the plaintiffs themselves as showing the relation of husband and wife. The gist of this controversy was the common law marriage claimed by plaintiffs to have been contracted between Edelstein and their mother, for upon that depended the rights of the plaintiffs. The character of the testimony to be excluded is expressed in the language: "Neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward." The phrase "as to" is defined thus: "So far as it concerns; as regards; as respects; in regard to; in respect to." That the proof which was offered to be made by the witness, Edelstein, had respect to and was in regard to, and, in fact, came within every phase of the definition of the terms of the statute, can not be doubted, because it undertook to explain the state of facts which constituted the transaction—the cohabitation of Edelstein and the woman, so as to make it wilfully unlawful, whereas the jury might have found from the evidence that the parties had contracted marriage according to the common law. The evidence was properly excluded. (McCampbell v. Henderson, 50 Texas, 601; Parks v. Caudle, 58 Texas, 221; Bartlingck v. Harriman, 41 S. W. Rep., 884; Johnson v. Lockhart, 40 S. W. Rep., 640; Hazlewood v. Pennybacker, 50 S. W. Rep., 199; Abbott v. Stiff, 81 S. W. Rep., 562.)

Edelstein testified substantially to the same facts as did L. B. Brown, hence it is unnecessary for us to consider the assignment which challenges the admissibility of Brown's evidence.

The judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*