MICHAEL C. REIS, Respondent, v. ERNEST L. EPPERSON et al., Appellants.

St. Louis Court of Appeals, November 2, 1909.

1. **COVENANT OF WARRANTY: Action for Breach: Pleading: Evidence: Admissions in Answer.** In an action for breach of a covenant of warranty in a deed, in that covenantee was compelled to discharge a certain lien against the property, where the answer denies each and every allegation of the petition, "unless hereinafter admitted," and then alleges that, by an outside agreement between the parties, said lien was excluded from the warranty and was assumed by covenantee, the existence of the lien was admitted. Hence, a judgment of a court of a foreign state, establishing said lien, was properly received in evidence, although no proof other than the recitals of the judgment was adduced that covenantor was duly served with process and his property was before the court for adjudication in that matter.

2. **JUDGMENTS: Jurisdiction: Inferior Courts: Recitals of Judgment Conclusive.** When a court, even of limited jurisdiction, is acting within the limits of its jurisdiction, the recitals in its judgment are at least prima facie evidence of the facts therein set out.

3. **COVENANT OF WARRANTY: Action for Breach: Evidence: Judgments: Recitals in.** In an action for breach of a covenant of warranty in a deed, in that covenantee was compelled to discharge a certain lien against the property, where it was stipulated between the parties that a judgment of a court of a foreign state was to be treated exactly as if it were the judgment of a court of this state, and the recitals in such judgment show compliance with the laws of such foreign state in respect to service, such judgment was properly admitted in evidence, although no

proof other than its recitals was adduced that due service was had.

4. ———: ———: **Instructions.** In such a case, an instruction given for plaintiff, which charged the jury that such judgment fixed a valid lien against the property and the existence and nonpayment of it constituted a breach of the covenant of warranty, and that they should find for plaintiff, unless they further found that, as a part of the consideration of the deed, plaintiff agreed to assume said lien, was correct.

5. ———: ———: ———. In such a case, an instruction which charged the jury that if they believed from the evidence that at the time of the execution and delivery of the deed, as part of the consideration therefor, plaintiff agreed to assume the payment of such lien, their verdict should be for defendant, put defendant's contention to the jury fairly.

6. ———: **Instructions: Affirmative Defense: Burden of Proof.** In such a case, the defense that, by an outside agreement between the parties, the lien was excluded from the warranty and was assumed by covenantee, was an affirmative defense, the burden to prove which rested on defendant. Hence, an instruction which placed the burden on plaintiff to prove he did not assume such lien was properly refused.

7. **TRIAL PRACTICE: Opening and Closing of Case: When Defendant Has Right to Open and Close.** The injection of an affirmative issue into a case by defendant does not change the rule as to the right of plaintiff to open and close, but it is only where plaintiff's whole case is admitted, and the defense, by new matter in avoidance, or the like, undertakes to meet the admitted case, that the rule is changed.

8. **APPELLATE PRACTICE: Conclusiveness of Verdict.** The weight to be given testimony of witnesses is a matter for the exclusive determination of the jury in the trial court.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*J. F.* and *R. H. Merryman* for appellant.

(1) The court erred in admitting the statutes of Illinois in evidence and in rendering judgment on the verdict of the jury against Margaret Epperson and

Jane Harris in the sum of $435.42, when under the deed offered in evidence, the said Margaret Epperson and Jane Harris only had a dower interest in said property. (2)   The court erred in admitting in evidence the record of the proceedings of the county court of St. Clair county, Illinois.   (3)   The court erred in refusing defendants' instructions A, No. 2 and No. 3, especially defendants' instructions No. 2, which instructed the jury that the burden of proof was on the plaintiff.

*Harlan, Reis & Wagner* for respondent.

STATEMENT.—On the 24th of August, 1901, defendants, who are appellants here, by their deed, conveyed to respondent certain lots in Harris Place Addition to the city of East St. Louis, St. Clair county, Illinois, in consideration of $1200.   The deed was executed in St. Clair county, Illinois, and is the statutory form in use in that State of a warranty deed, reciting that the grantors, naming them (defendants here), for and in consideration of $1200 in hand paid, "convey and warrant" to plaintiff the lots described.   The deed is properly acknowledged by all of the parties to it, who are defendants here.   The Illinois law, properly pleaded and introduced in evidence (sec. 9, chap. 30, Starr & Curtis' Ill. Stat., 1896), provides that every deed in substance in the form of the deed in evidence, "when otherwise duly executed, shall be deemed and held a conveyance in fee-simple, to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee-simple, in and to the premises therein described, and had good right and full power to convey the same; (2) that the same were then free from all incumbrances; and (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto

against all persons who may lawfully claim the same. And such covenants shall be obligatory upon any grantor, his heirs and personal representatives, as fully and with like effect as if written at length in such deed."

The petition in the case, after averring the execution and delivery of the above deed, avers that prior to its execution certain special assessments had been levied against defendants, made pursuant to the laws of the State of Illinois, also plead, for the improvement of Baugh avenue, on which street the lots fronted, and that the special assessments, by virtue of these laws, had prior to the execution and delivery of the deed aforesaid, become a valid lien upon the property; that plaintiff had no knowledge of the lien or special assessments when he accepted the deed and paid the consideration and did not learn of the same until after the property had been sold pursuant to the laws of the State of Illinois concerning enforcement of the payment of that assessment, and that plaintiff was compelled to, and did, redeem the property; that the total amount of the assessment was $594.60, which amount plaintiff had been compelled to pay, together with penalties, interests and costs and expenses in the sum of $400. Averring that the existence of the lien constituted a breach of the covenant in the deed, and that plaintiff's damage thereby was $994.60, judgment is prayed for that amount.

The answer, after denying "each and every allegation therein contained, unless hereinafter admitted," admits the execution of the warranty deed, but alleges that the consideration in the deed was not the real and only consideration for the conveyance of the premises by defendants to plaintiff, but that there were other considerations and that one of them was the payment by the plaintiff "of the very street assessment for the improvement of Baugh avenue set out in his petition." The answer then denies that plain·

tiff was without any knowledge of the lien or assessment or without any knowledge of the same until after the property was sold, but alleges and charges that the property was sold to plaintiff by defendants at about one-half of its value on the express considera- tion that plaintiff would pay all assessments for street improvements. "Defendants, therefore, deny that the existence of the lien of said special assessments consti- tuted a breach of the covenant of defendant's deed aforesaid and hence deny that they are indebted to plaintiff in the sum of $994.60 or any other sum whatsoever." The reply was a general denial of this new matter.

On trial before a court and jury, the deed being introduced, as also the statutes of Illinois relating to conveyances of real estate and vesting power in the city council of East St. Louis to make the improvements and conferring jurisdiction on the county court of St. Clair county to adjudge assessments for street im- provements, plaintiff offered a transcript of the record of proceedings of the county court of St. Clair county relative to the special assessment for the Baugh ave- nue improvements. This transcript recites, among other things and after a recital of the fact of the presentation of the petition for the assessment of the costs of the improvements, that it appears to the court that the commissioners had given notice of the assess- ment, "and that the final hearing thereof would be had at this term of court as required by law, by sending through the mail to each owner of the premises as- sessed, a notice of such assessment, giving the names of the owners, a description of the property, amount of the assessment, and that said assessment roll would be returned to the August term, A. D. 1900, of this court, which notices were in the form required by law, and signed by said commissioners, and were mailed to said parties more than ten days prior to the first day of this term of court, and which were sent to each of

the persons whose names appear on the said assessment·
roll filed in this cause.  That said commissioners also
gave notice of said assessment and its return to this
court, by posting notices for ten days prior to the first
day of this said August term of court, in four public
places in said city of East St. Louis, two of said places
being in the neighborhood of said proposed improve-
ment, and also by publishing said notices five succes-
sive days in the East St. Louis Daily Journal, a daily
newspaper published in the said city of East St. Louis,
said publication being also ten days prior to the first
day of said August term of this court.  The court there-
fore entered a rule on all parties to this proceeding and
all persons interested, to make answer or file objections
herein by the first Thursday of this term, August 9,
1900."  It further appears by the recitals in the tran-
script, that at the day named one of the parties, named
Weinmann, appeared and filed objections to the con-
firmation of the assessment.  The judgment of the
county court then continues: "And as to each of the
other parties herein, judgment in this cause is hereby
rendered against them by default."  None of the appel-
lants here, however, appeared.  Afterwards on the 20th
of December, Weinmann withdrew her objections and
the city of East St. Louis, through its attorneys, ask-
ing for confirmation of the special taxes and the assess-
ment, the court ordered and adjudged that the special
taxes to pay the costs of the improvements as assessed
in the assessment roll be levied and confirmed against
the lots as assessed and entered on the roll.  It ap-
pears by a subsequent order that this assessment was
payable in five annual installments, each installment to
bear interest.  When this judgment roll, as for conven-
ience we will call it, was introduced, counsel for de-
fendants made the general objection that it was incom-
petent until it was shown, outside of this record, that
there had been service on these defendants, expressly
waiving, however, all other objections to it, and agree-

ing that it was to be treated exactly as if it was the record of a court of the state of Missouri. To put it accurately, after the court had sustained the objection to the admission of this record and had ruled the record out, the court asked counsel for defendants if his position was, that for the purposes of this trial, the record was to be treated as if it was the record of a domestic instead of a foreign court? Counsel answered that that was his position and that his objection lay to the lack of showing by evidence that necessary steps had been taken to create a valid lien against the property, in that it was not sufficient by its own recitals to prove the fact of service of notice as required by law on the defendants in this case; that it was incumbent on plaintiff to prove the service of notice on these defendants, outside of the recitals in the record; that plaintiff should be required to produce the affidavit of the publisher of the paper, or testimony of the party who had mailed or posted up the notices referred to in the judgment. Thereupon the court overruled the objection to the record and admitted it, defendants duly saving exceptions. There was evidence showing the amount that had been paid on account of this assessment by the plaintiff. Plaintiff positively denied having had knowledge of the assessment when he accepted the deed, and denied in very positive terms ever having agreed to pay the assessment. While plaintiff was under cross-examination a contract was introduced in evidence which had been executed between the plaintiff and these defendants as to the sale of these lots, a contract executed prior to the delivery of the deed, which, under this contract, had been in escrow for some time after its date. This contract was dated the 12th of June, 1901, while the deed was dated August 24, 1901. It is not necessary to set it out, as while it provides for assumption of various claims and liens by plaintiff, there is no specific mention of these assessments, and while defendants' witnesses testify that

when this contract was made, these assessments were spoken of as liens to be assumed by plaintiff, the latter denied this. On the part of the defendants, testimony was introduced strongly tending to show that it was distinctly understood between plaintiff and the defendants when this contract was made and when the deed was made and delivered, that plaintiff had assumed and was to pay these assessments.

The court at the instance of plaintiff, gave an instruction to the effect that the judgment of the county court of St. Clair county, Illinois, introduced in evidence, fixed a valid lien against the property described in the petition in this suit and that the existence of such lien and its non-payment by defendants was a breach of the covenant of warranty in the deed of defendants to plaintiff, and it told the jury that, "unless you find from the evidence that plaintiff as a part of the consideration of said deed assumed and agreed to pay said assessments, your verdict must be for the plaintiff." The court further instructed the jury at the instance of the plaintiff that if they found in his favor, their verdict should be in such an amount as they found from the evidence plaintiff had been compelled to pay to protect his title, not exceeding the amount sued for, to which sum they could add interest at the rate of six per cent per annum from the 24th of May, 1904, to date. Exception was duly saved by defendants to the giving of these instructions. At the instance of the defendants the court gave an instruction to the effect that if the jury "believe from the evidence that at the time of the execution and delivery of the warranty deed offered in evidence, the plaintiff, in addition to the consideration of $1200 mentioned in said deed, agreed with the defendant Harris to assume all taxes for street improvements, then the jury are to find for the defendants." The defendants asked three other

143 App—7

instructions which the court refused. The first instruction asked was that under the law and the evidence the jury would find for the defendants. The second instruction asked was to the effect that the burden of proof was on plaintiff "to show that when the warranty deed read in evidence was executed and delivered to plaintiff by the defendant that the consideration named therein was the consideration for the purchase of the lot described in the deed and that the plaintiff did not assume to pay for the street improvement, and that unless the plaintiff has shown the same by a preponderance of testimony, the jury should find for the defendant." The third instruction asked defined the meaning of the terms, "burthen of proof," and "preponderance of evidence." According to the abstract of the record, the defendants saved exception to the refusal of the second and third instructions, but they do not appear to have saved exceptions to the refusal of the instruction to the effect that under the law and the evidence the jury should find for the defendants. The jury returned a verdict for plaintiff and against defendants for $416.88 for the debt and $18.54 for interest, nine of the jurors concurring in the verdict. Defendants in due time filed a motion for new trial which was overruled, exception duly saved and the cause is here on the appeal of the defendants.

REYNOLDS, P. J. (after stating the facts).—While by the answer in the case the defendants denied each and very allegation contained in the petition, they followed it with the clause, "unless hereinafter admitted." We are of the opinion that the allegations in the answer following this qualified denial, in effect, admitted the levying of the assessment for the improvements and relied upon the claim that by outside agreements between plaintiff and defendants these assessments were excluded from the warranty and were assumed and were to be paid by the plaintiff; either

that, or in one part of the answer defendants have denied and in the other admitted the assessment and claimed that they were absolved from a breach of the warranty of non-payment because plaintiff had himself assumed their payment. In point of fact, that is the issue upon which the case was presented to the jury by counsel for each of the parties. The very instruction asked by defendants and given by the court at their instance carries with it the idea that these taxes and assessments for street improvements had been made and were a burthen or lien upon the property. Apart from that, however, it was expressly stipulated that the judgment of the county court of St. Clair county, Illinois, was to be treated exactly as if it was the judgment of one of our own courts. The statute of Illinois introduced in evidence showed that not only was the county court a court of record, generally, but so far as this class of cases is concerned, was a court of original jurisdiction. However inferior a tribunal it may be, according to the well-settled rules of decision in our courts, when a court, even of limited jurisdiction, is acting within the limit of that jurisdiction, its recitals are at least prima facie evidence of the facts there set out. In point of fact, many of our decisions go much further than that and tend to uphold the recitals of jurisdictional matters by courts of inferior jurisdiction in cases within that jursdiction as conclusive of the truth of those recitals. In either view of the case, therefore, no error was committed in the reception in evidence of this record of the county court of St. Clair county, Illinois, and its recitals of the fact of service comply with the requirements in such cases, as was proven by the statute of Illinois, and are at least prima facie evidence that the defendants here were duly served and their property before that court for adjudication in this matter. If from the return of process or proof of service by posting or publication, defendants desired to overturn those recitals, assuming for this case that that

could be done, it was for them to have introduced evidence to that effect. They failed to do this and are bound by the recitals of the record in evidence.

There was no error in giving the instruction which the court gave at the instance of plaintiff. The instruction given at the instance of the defendants fairly put the contention of defendants to the jury, on the issues that had been tried before it, and defendants have no cause whatever to complain of that instruction as not properly presenting the issues and the evidence from their side of the case. The instruction as to the preponderance of the evidence and as to where the burthen lay on the issue of the assumption outside of the deed, of payment of this special assessment, was properly refused, and that being properly refused the instruction defining "burthen of proof" and "weight of evidence," of course, should not have been given. The learned counsel for defendants in this case have ignored or lost sight of the fact that this matter of payment or of assumption outside of the warranty of the deed was their affirmative defense—was the affirmative defense of the defendants. Hence the burthen of proof of that was with the defendants and the court very properly refused the instruction. Support is sought to be given to the argument for these instructions as to the burden of proof on the fact that plaintiff had the opening and closing of the case. That is always the rule, so long as any part of plaintiff's case is in issue. The injection into the case by the defendants of an affirmative defense does not change the rule. The rule is changed only when plaintiff's whole case is admitted and the defense by new matter in avoidance or the like, undertakes to meet the admitted case. That was not the situation here.

The weight to be given to the testimony of the different witnesses was a matter for the exclusive determination of the jury, and their verdict is conclusive on

that matter, there being no error of law in the trial or instructions. Finding no error, the judgment of the circuit court is affirmed. All concur.