**WALTON v. WALTON et al.   (No. 179–3208.)**

(Commission of Appeals of Texas, Section A.
                March 16, 1921.)

1. Marriage ⊚═>22—Living together as husband and wife and general recognition establishes common-law marriage.

Marriage relations are based either on ceremonial celebration or on an actual agreement, and a common-law marriage, in absence of conflicting testimony, may be presumed from evidence showing that the parties lived together professedly as husband and wife, and were so recognized by the community.

2. Marriage ⊚═>51—Evidence of common-law marriage held to present a question for the jury.

In a contest between two persons, each claiming to be the lawful wife of deceased, for appointment to administer his estate, evidence as to a common-law marriage between deceased and contestant *held* to present a jury question as to whether there was a marriage agreement.

3. Marriage ⊚═>50(5)—Evidence of¹ marriage by living together and reputation held overcome by separation and marriage to another.

Evidence that parties were living together as husband and wife and common reputation as such fail to establish the fact of marriage conclusively where there is also evidence of a later separation, and that one of the parties thereafter married another by a ceremonial marriage; the presumption of common-law marriage from habit and reputation being overcome by proof of the ceremonial marriage.

4. Marriage ⊚═>50(5)—Applicant for letters of administration held not common-law wife of deceased.

Although decedent and contestant had lived together as husband and wife and were reputed to be such, evidence *held* to show that contestant was not decedent's common-law wife, and

was not entitled to administer his estate as against his wife by ceremonial marriage.

Error to Court of Civil Appeals of First Supreme Judicial District.

Application by Marie Estelle Walton for appointment as temporary administratrix of the estate of N. A. Walton, deceased, contested by Nora Walton and another. Judgment for applicant was reversed, and judgment rendered for contestants, by the Court of Civil Appeals (203 S. W. 133), and the applicant brings error. Judgment of the Court of Civil Appeals reversed, and that of trial court affirmed.

Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, and Chas. L. Black, of Austin, for plaintiff in error.

Terry, Cavin & Mills, of Galveston, and F. J. Wren and Jno. G. Gregg, both of Fort Worth, for defendants in error.

TAYLOR, P. J. This case involves a contest between Marie Estelle Walton and Nora Walton, growing out of the application of Marie Walton to be appointed administratrix of the estate of N. A. Walton. Each claims that she was the lawful wife of the deceased at the time of his death. The former bases her claim upon a ceremonial marriage solemnized according to the forms of statutory law. The latter bases her claim on an alleged prior common-law marriage.

Walton died as a result of injuries while in the employ of the Gulf, Colorado & Santa Fé Railway Company. Marie Walton filed suit against the company for damages, and made application to be appointed administratrix of Walton's estate. The railway company joined Nora Walton in contesting the application. Trial in the probate court resulted in the appointment of Marie Walton as administratrix. The contestants appealed to the district court, where the result was the same as in the probate court. The Court of Civil Appeals reversed and remanded the case. 191 S. W. 188.

The case upon the second trial in the district court was submitted to the jury on two special issues, to wit, whether there was a common-law marriage between Nora Walton and N. A. Walton, and whether, in the event of an affirmative answer to the first issue, Nora Walton and N. A. Walton were divorced. The jury found in response to the first issue that there had been no common-law marriage, and upon this finding judgment was rendered appointing Marie Walton administratrix of the estate of the deceased. A negative finding having been made to the first issue submitted, no finding was made upon the second.

The Court of Civil Appeals was of opinion that the undisputed evidence showed there was a common-law marriage between Nort Walton and Nora Walton, and under the view that an instructed verdict should have been given in favor of defendants in error, as requested by them, reversed the judgment of the trial court and rendered judgment in their favor. 203 S. W. 133.

The question for determination is whether the court was warranted in submitting the first special issue. In other words, was the question of whether there was a common-law marriage between N. A. and Marie Walton a jury question?

[1] The marriage relation under the decisions of this state is based upon either actual agreement or ceremonial celebration. A marriage at common law, in the absence of conflicting testimony, may be presumed from evidence showing that the parties lived together professedly as husband and wife, and further their general recognition as such by the community. Yates v. Houston, 3 Tex. 433; Edelstein v. Brown, 100 Tex. 403, 100 S. W. 129, 123 Am. St. Rep. 816; Id. (Tex. Civ. App.) 95 S. W. 1126; Hutchins v. Kimmell, 31 Mich. 130, 18 Am. Rep. 164.

[2] The testimony is uncontradicted that Walton and Marie Walton lived and cohabited together from 1897 to 1903; that Walton caused notice to be put in the home paper where he and Nora resided together that they were married; that the parties continued to live together, holding themselves out as man and wife, for a number of years; that they were recognized as such by those with whom they sustained business relations and by the community generally, by even Walton's mother and father, in whose home they spent much time, and where they lived for some time as members of the family. Three children were born to them during the period they thus lived together.

Such evidence, however, does not conclusively establish the fact of marriage where there are facts tending to prove that the parties lived together in illicit relationship, rather than by virtue of a marriage agreement.

Nora Walton alone, an interested witness, testified that there was an agreement to marry between her and her alleged husband. She also testified that—

"From 1892 until he left here (Galveston) there was talk about marrying between Nort A. Walton and I. I used to be atter him all the time to have the ceremony performed, but he never did."

There were inconsistencies and contradictions in her testimony bearing upon her credibility that the jury should have been permitted to consider in determining whether there was a marriage agreement.

[3] Nor does the evidence showing a living together as husband and wife, and common reputation, conclusively establish the fact of marriage, where there is also evidence that later there was a separation between the

parties, and one of them was thereafter actually married by ceremonial marriage to another person. The presumption of marriage based on habit and reputation is in such case, overcome by proof of the ceremonial marriage. Jones v. Jones, 48 Md. 391, 30 Am. Rep. 466.

[4] A marriage certificate was introduced by Marie Walton showing a ceremonial statutory marriage to N. A. Walton in December, 1907. The evidence further shows that immediately after the ceremony Walton and Marie Walton moved to Galveston, where they subsequently resided until his death in 1915; that during the time they lived together two children were born to them. Marie Walton testified that she had no knowledge that any one claimed she was not the wife of N. A. Walton prior to the time she filed suit against the railway company to recover damages on account of his death. It is undisputed that she and the children visited in Iowa where Nora Walton lived, and that Nora Walton knew this; that Nora Walton claimed no rights as the wife of Walton after his marriage to Marie Walton until after the suit was brought against the railway company.

There was abundant testimony to support a finding in response to the issue submitted that there was a marriage at common law between N. A. Walton and plaintiff in error. It does not warrant the holding of the Court of Civil Appeals, however, that there was conclusively such a marriage.

The holding and judgment of the Court of Civil Appeals were based solely on its conclusion that there was no evidence to support the jury finding that there was no common-law marriage. Having made no findings of fact to defeat recovery by plaintiff in error, the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed; and we so recommend. Beck v. Tex. Co., 105 Tex. 303, 148 S. W. 295; Tweed v. Tel. Co., 107 Tex. 247, 166 S. W. 696, 177 S. W. 957; Cox v. St. Louis & S. F. R. Co. (Sup.) 222 S. W. 964.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.