All the Justices concur in the views herein expressed.

## MARSHBURN et al. v. STEWART et al.
(No. 427–3793 [Motion No. 6036].)

(Commission of Appeals of Texas, Section A. Dec. 20, 1923.)

**1. Appeal and error ☞1083(6)—Supreme Court can reverse judgment of Court of Civil Appeals applying wrong legal principles to undisputed facts.**

Where the Court of Civil Appeals, recognizing the facts to be as found by the trial court, erroneously concluded that when tested by certain legal principles the facts were insufficient to constitute plaintiff an innocent purchaser, the Supreme Court could reverse for the error in applying the law and affirm the decision of the trial court.

**2. Appeal and error ☞1094(1)—Conclusions from undisputed facts by Court of Civil Appeals not binding on Supreme Court.**

Though the Supreme Court is bound by the judgment of the Court of Civil Appeals on all disputed questions of fact, it has a right to look to all undisputed facts and is not bound by conclusions drawn therefrom.

On motion for rehearing. Former opinion reversed in part. The judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

For former opinion, see 254 S. W. 942.

GERMAN, P. J. [1] In our original opinion we held that the Supreme Court was without jurisdiction to reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court. 254 S. W. 942. After a very careful consideration of the opinion of the Court of Civil Appeals, we have concluded that in this we were in error, and that the judgment of the district court should be affirmed. We base this conclusion upon the proposition that the Court of Civil Appeals has made no finding on a disputed question of fact contrary to the findings made by the trial court, but has drawn an erroneous conclusion from the undisputed facts, due to the application of wrong conclusions of law to the facts as found by the trial court. In other words, the Court of Civil Appeals has not found that any state of facts found by the trial court is not supported by the evidence; but,

recognizing the facts to be as found by the trial court in every essential particular, the Court of Civil Appeals has reached the conclusion that the state of facts found by the trial court, when tested by certain legal principles, was not sufficient to show Marshburn to be an innocent purchaser. A brief analysis of the opinion of the Court of Civil Appeals (240 S. W. 331) will make this manifest.

The issue of innocent purchaser was the controlling one and the only one on which the Court of Civil Appeals reversed the case. At page 333 of the printed report the court begins the discussion of this question this way: "On the issue of innocent purchaser, the facts are substantially as follows." The court then sets out the facts, as found by the trial court, and which are undisputed, and on page 334 of the report, at the conclusion of the statement of facts, the court say:

"We believe this statement of the case sufficiently full to discuss the questions raised by this appeal on the issue of innocent purchaser."

The court then proceeds to discuss the principles of law applicable to this statement of facts. The principles of law adopted by the court to determine whether or not, under the facts as set out, Marshburn was an innocent purchaser, are, briefly stated, these:

(1) "But, as appellees were purchasing only the apparent legal title against the true legal title, the burden rested on them to show that they were innocent purchasers for value. They rested under the same burden imposed by law on a junior purchaser against a prior unrecorded deed."

(2) That Marshburn did not discharge the burden resting on him for the reason that the Houston Oil Company had a tenant on the land, and as a matter of law this visited him with full legal notice of whatever title the Houston Oil Company had; and, "in the absence of any showing as to when that interest was acquired, the burden rested on appellees to show that they acquired the apparent title before the Houston Oil Company, which was in possession of the land by tenant, acquired the true title."

(3) "From the statement made by us, it appears that Marshburn had actual notice of the claim to this land asserted by the true owners. Such notice, as a matter of law, visited him with knowledge of all the facts that an inquiry of the true owners would have disclosed. * * * No inquiry was made of the attorneys who had represented the true owners as to the basis of their claim; * * * The burden rested on Marshburn to show that such an inquiry would not have given him the true facts. * * * Marshburn was under the burden of showing that an inquiry directed to the heirs themselves would not have disclosed the facts as to the true title."

(4) The court then quotes with approval a proposition of law under which the nineteenth finding made by the trial court, shown at pages

944 and 945 of the printed report of our opinion in 254 S. W. is fully justified and sustained, but to avoid the effect of that finding makes this statement: "But in meeting the burden imposed on the purchaser by this proposition, the law affirmatively says that he cannot discharge the duty owed by him to the true owners, when he knows that they are asserting a claim to the land, except by an inquiry directed to them or to some one with authority to represent them. No matter how diligent he may be in all other respects, no matter what information he may have from other sources, in the absence of inquiry of the claimant himself, or of one with authority to speak for him, he is visited with knowledge of all the facts that such an inquiry would have disclosed."

(5) The court then holds that Marshburn was not put on inquiry and was not prevented from being an innocent purchaser by recitations in the deed and the fact that Aiken lived in Alabama, and concludes the opinion on this phase of the case in this language: "We conclude that the findings on the issue of innocent purchaser in favor of appellees are not supported by the evidence."

This conclusion, following as it does the lengthy discussion of the principles of law to which we have just referred, was clearly not intended to detract from the weight and force of the facts themselves as such, but was the conclusion deduced from the facts when tested by the principles of law which the court had all along been applying to the state of facts set out. In other words, the "finding on the issue of innocent purchaser" made by the trial court and referred to in the paragraph above quoted was a finding that the facts enumerated constituted Marshburn an innocent purchaser, and the Court of Civil Appeals held that such facts, when tested by the principle of law applied by that court to them, did not constitute Marshburn an innocent purchaser. It being our conclusion that the findings of the material facts as set out by the Court of Civil Appeals, when the correct principles of law are applied thereto, are sufficient to make Marshburn an innocent purchaser, there is no reason why the judgment reversing the trial court cannot be reversed and the judgment of the trial court affirmed.

A brief statement of our holdings in the original opinion will show the errors made by the Court of Civil Appeals:

(1) As to burden of proof:

"The law having invested Mrs. Aiken, as survivor of the community, with the apparent legal title in fee simple to this land, and such apparent title having passed to Marshburn for an adequate * * * consideration, we think before defendants in error [appellants in the Court of Civil Appeals] can defeat the same they must further show that at the time he purchased he had notice of their rights, or that he had notice of facts sufficient to put him upon inquiry, and that such inquiry, pursued with reasonable diligence, would have necessarily discovered the real facts upon which their claim to the land involved in this suit is predicated."

(2) As to effect of possession by ·Houston Oil Company through its tenant:

"The burden being on defendants in error [appellants in the Court of Civil Appeals] to show notice to Marshburn of the basis of their claim prior to his purchase, before he, under the facts above stated, could be considered lacking in diligence for failing to make inquiry of such tenant, it devolved on defendants in error to show that said oil company at that time held and claimed some interest in said land under the heirs of Cyrus S. Aiken."

The trial court found that they did not meet this burden.

(3) As to the necessity of making inquiry to the true owners, that is, the heirs of Cyrus S. Aiken themselves, or some one with authority to speak for them, we have held that this was not necessary; the correct rule being:

"Before he [Marshburn] can be charged with knowledge of the basis of the claim of said heirs and its consequent validity, it must appear that the inquiry suggested by the fact that the said heirs had theretofore asserted a claim to said land, if followed with reasonable diligence, would necessarily have led to actual knowledge of the basis and validity of such claim."

We also held that whether an inquiry has been pursued with reasonable diligence is ordinarily a fact to be ascertained in the light of all the attending circumstances in each particular case. In the nineteenth finding made by the trial court, it is expressly held that Marshburn made every reasonable inquiry that any reasonably prudent man could have been expected to make under the circumstances. The Court of Civil Appeals did not approve of this finding solely on the ground that Marshburn did not make inquiry of the true owners or some one having authority to represent them. This is apparent from the fact that the Court of Civil Appeals approved the proposition of law submitted in support of the nineteenth finding, but undertook to limit its application as shown by the quotation in subdivision 4 above.

We think it will thus be seen that the conclusion of the Court of Civil Appeals that the findings and the issue of innocent purchaser were not supported by the evidence was based solely upon the application of wrong conclusions of law to the facts. The only expression in the opinion to the contrary is this:

"Hence we conclude that the court's finding, that an inquiry of the heirs would not have revealed their title, is not supported by the evidence."

However, we have held that in this case it was not incumbent on Marshburn to make

inquiry of the heirs themselves or some one having authority to speak for them, and therefore this finding of the Court of Civil Appeals is immaterial and not essential to the recovery made by plaintiffs in error. As stated by Judge Greenwood in the case of Cox v. Ry. Co., 111 Tex. 15, 222 S. W. 966:

"In this case, since the Court of Civil Appeals made no finding against the existence of any fact essential to plaintiff's recovery and since we do not approve the conclusions of law, on which alone that court based its judgment, it becomes our duty, under the settled practice in this court, to reverse the judgment of the Court of Civil Appeals and to affirm the judgment of the district court."

In our opinion the conclusion we have arrived at is fully justified and upheld by the cases of Beck v. Texas Co., 105 Tex. 303, 148 S. W. 295, and Walton v. Walton (Tex. Com. App.) 228 S. W. 921.

[2] We think the rule to be that the judgment of the Court of Civil Appeals on all disputed questions of fact is binding upon the Supreme Court, but the Supreme Court has a right to look to all the undisputed facts and is not bound by conclusions drawn from those facts by the Court of Civil Appeals. Land Co. v. McClelland Bros., 86 Tex. 187, 23 S. W. 576, 1100, 22 L. R. A. 105.

We have again carefully considered every detail of this case and are convinced that the judgment of the district court is correct in all particulars.

We therefore recommend that the motion for rehearing of defendants in error be overruled; that the motion for rehearing by plaintiffs in error be granted; and that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court be affirmed.

CURETON, C. J. Motion for rehearing of defendant in error overruled; motion for rehearing of plaintiff in error granted, and judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.