## MARSHBURN et al. v STEWART et al. (No. 3793.)

(Supreme Court of Texas.   April 2, 1924.)

Appeal and error ⊙⇒1114—Supreme Court must respect Court of Civil Appeals' order of remand for new trial, where its finding of no evidence includes finding of insufficient evidence.

Where, on appeal from judgment for plaintiff on findings of fact that he acquired an interest in land as a purchaser in good faith, for value, and without notice, assignment of error attacking such findings as without support in the evidence was sustained by the Court of Civil Appeals, and judgment was reversed and case remanded for new trial, though its opinion based its decision on erroneous principles of law, under which certain undisputed facts were held conclusive that plaintiff was chargeable with notice of adverse claims, there is applicable the rule that, in a case remanded by the Court of Civil Appeals for new trial on the facts, its finding of no evidence, though one of law, must be held, in the absence of contrary language, to include the finding of insufficient evidence, though one of fact, and hence the order of remand must be respected by the Supreme Court on error to the Court of Civil Appeals.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On second motion for rehearing. Former judgments (254 S. W. 942, and 256 S. W. 575) set aside, and judgment of Court of Civil Appeals (240 S. W. 331) reversing judgment of district court and remanding for new trial affirmed, with directions.

W. D. Gordon and Oswald S. Parker, both of Beaumont, for plaintiffs in error.

H. O. Head, of Sherman, Coleman & Lowe, of Woodville, Kennerly, Williams, Lee & Hill, of Houston, and Orgain & Carroll, of Beaumont, for defendants in error.

GREENWOOD, J. On recommendation of the Commission of Appeals the Supreme Court entered a judgment affirming the judgment of the Court of Civil Appeals (240 S. W. 331) remanding this cause for a new trial, with directions to the district court to be governed by the opinion of Presiding

Judge Gallagher. 254 S. W. 942, 946. Upon being convinced that the judgment of the district court was correct and that the Court of Civil Appeals had reversed same on erroneous conclusions of law alone, the Commission of Appeals recommended that plaintiffs in error's motion for rehearing be granted, and that the judgment of the Court of Civil Appeals be reversed, and that of the district court be affirmed. The Supreme Court thereupon decreed that the judgment of the Court of Civil Appeals be reversed and that the judgment of the district court be affirmed. 256 S. W. 575, 577.

On consideration of defendants in error's motion for rehearing, we are satisfied that it was erroneous to grant plaintiffs in error's motion for rehearing and to change the judgment originally recommended by the Commission.

The district court gave judgment for plaintiff in error Marshburn for a certain undivided interest in the land in controversy on findings of fact that he acquired such interest as a purchaser in good faith, for value, and without notice. The findings were assailed by proper assignment of error as without support in the evidence on appeal by defendants in error. The assignment was sustained. The opinion of the Court of Civil Appeals based its decision on erroneous principles of law, under which certain undisputed facts were held conclusive that Marshburn was chargeable with notice of the adverse claims. The second recommendation of the Commission reflected the view that no findings of fact were made by the Court of Civil Appeals which were inconsistent with the facts found by the trial court, and that, since the error of the Court of Civil Appeals lay wholly in an erroneous application of the law, the Supreme Court was empowered to reverse the judgment of the Court of Civil Appeals and to affirm that of the trial court.

This case comes within the rule that, in a case remanded by the Court of Civil Appeals for a new trial on the facts, its finding of no evidence, though one of law, must be held, in the absence of contrary language, to include the finding of insufficient evidence, though one of fact, and that hence the order of remand must be respected by the Supreme Court. The Constitution and statutes defining and regulating the jurisdiction and practice of the Supreme Court and of the Courts of Civil Appeals have been uniformly so construed since a few years after their original adoption. We followed the rule in the first judgment herein, and erred in departing therefrom in our second judgment.

In Southern Cotton Oil Co. v. Wallace, 38 S. W. 1137, the Court of Civil Appeals decided the single question that the oil company was entitled to a peremptory instruction, and thereupon reversed a judgment for Wallace and remanded the case for a new trial in the district court. The decision was of a question of law. Nevertheless, when the decision was reversed as erroneous, the judgment of the court below was not affirmed.

The court, per Justice Brown, gave the following reason for not affirming the trial court's judgment, viz:

"The Court of Civil Appeals erred in holding that the district court should have instructed the jury to find for the defendant, but that court had the authority to reverse the case because the evidence was not sufficient, and we consider that the insufficiency of the evidence was necessarily embraced in the finding of the court that there was no evidence to sustain the plaintiff's claim that he was the servant of the defendant below; hence we cannot reverse the judgment of the Court of Civil Appeals and affirm the judgment of the district court, but this case will be remanded to the district court for trial in accordance with this opinion." Wallace v. Southern Cotton Oil Co., 91 Tex. 22, 40 S. W. 399.

There is a difference in the authority of the Supreme Court in causes wherein the Court of Civil Appeals enters a final judgment by affirming that of the trial court or by rendering a different judgment, and in causes wherein the judgment of the trial court is reversed and the case remanded for a new trial. The distinction was stated with clearness and precision in Tweed v. Western Union Telegraph Co., 107 Tex. 255, 166 S. W. 696, 177 S. W. 957, as follows:

"With the Court of Civil Appeals invested with the full power of determining the facts of the cause, and setting aside the verdict of a jury on the facts, it must be assumed, * * * that in reaching a conclusion that the evidence showed as a matter of law that the plaintiff was not entitled to recover, and for that reason ordering that the cause be remanded, in the same case it would have held that the verdict was against the weight of the evidence. With a case thus remanded under the judgment of the Court of Civil Appeals, it would amount to a denial of its authority to determine the facts and set aside a verdict on the evidence for this court to assume the power of rendering the judgment because it differed with the conclusion reached by that court upon the effect of the evidence.

"Beck v. The Texas Company, 105 Tex. 303, 148 S. W. 295, furnishes no analogy. The distinction between that case and this one is manifest. There the court did not exercise the authority it possessed to set aside the verdict on the facts and remand the cause. It rendered judgment in favor of the defendant on the facts; and in doing so made no finding of fact which would defeat recovery. In differing with the Court of Civil Appeals upon the question of law as to the effect of the evidence, we were authorized to affirm the judgment of the lower court, since the Court of Civil Appeals had not sought to exercise its province of determining the facts and ordering the case remanded for another trial because of its difference with the jury on the facts, and in affirming the judgment we therefore in no wise trenched upon its authority. Had the Court of Civil Appeals there remanded the case in-

stead of rendering judgment, we would have been compelled to respect its judgment to that extent and could not have affirmed the trial court judgment."

The cases of Walton v. Walton (Tex. Com. App.) 228 S. W. 921, Cox v. Ry. Co., 111 Tex. 15, and Beck v. Texas Co., 105 Tex. 303, 148 S. W. 295, relied on to support the second recommendation of the Commission of Appeals, were all cases where the Court of Civil Appeals rendered final judgment and did not remand the cause for a new trial. Hence they all come within the rule stated in the Tweed Case, which requires that the order be respected which was entered by the Court of Civil Appeals remanding this case for a new trial.

We cite from the numerous recent decisions adhering to the stated practice in cases of this character the following: Electric Co. v. Ablon, 110 Tex. 243, 218 S. W. 1030; Houston Oil Co. v. Billingsley (Tex. Com. App.) 213 S. W. 249; Nussbaum v. Blumenthal (Tex. Com. App.) 221 S. W. 944; Rogers v. Lancaster (Tex. Com. App.) 248 S. W. 662; Mason v. Peterson (Tex. Com. App.) 250 S. W. 147; Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 156.

It is ordered that the judgments heretofore entered herein be set aside, and that the judgment of the Court of Civil Appeals reversing the judgment of the district court and remanding this cause be affirmed, and that the district court be governed by the opinion of Presiding Judge Gallagher, filed October 24, 1923, in the further proceedings herein.