## WINGFIELD v. POOL et al.
### No. 9538.

Court of Civil Appeals of Texas. Galveston.
March 19, 1931.

Winfree & Weslow, F. F. Beadle, Dick Young, and W. A. Shields, all of Houston, for appellant.

P. Harvey and S. O. Lovejoy, both of Houston, for appellees.

### GRAVES, J.

This appeal regularly proceeds from a judgment of the Sixty-First district court of Harris county, rendered pursuant to the return of a verdict it had instructed for the appellees, whereby appellant's claim to having been the common-law wife of Charles Wingfield at the time of his death—hence entitled to share as such in the estate he left—was denied, and appellees were found to be the share-and-share-alike owners of such property, by virtue of being his sole surviving heirs at law; he having died intestate in Harris county, Tex., unmarried, and without issue.

Inveighing here against that action below, appellant urges error on the part of the trial court in three main particulars: First, in peremptorily instructing a verdict against her on the issue of whether or not she was the common-law wife of Charles Wingfield when he died; second, in excluding from the evidence a certain divorce decree from the court of chancery in Jasper county, Miss., offered by her to show divorce between herself and her former husband, Robert Jones, and capacity on her part to consummate a common-law marriage with Charles Wingfield; third, in refusing to hear proof tendered relative to the claimed validity of that divorce decree.

■ If the evidence offered in her behalf upon that question—disregarding all that was adverse and all conflicts, however, strong, and indulging in its favor every legitimate conclusion reasonably inferable therefrom—raised an issue of fact over whether appellant was the common-law wife of Charles Wingfield at the time of his death, the withdrawal of the cause from the jury was error. Win-

inger v. Railway Co., 105 Tex. 56, 143 S. W. 1150; Texas & P. Ry. Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829; Brown v. Griffin, 71 Tex. 654, 9 S. W. 546; Texas & P. Ry. Co. v. Ball, 96 Tex. 622, 75 S. W. 4; International & G. N. Ry. Co. v. Tinon (Tex. Civ. App.) 117 S. W. 936.

After a careful examination of the statement of facts in the light of that rule of law, we think it plain that the issue was raised, if, indeed, the fact of her being such common-law wife did not conclusively appear.

■ The learned trial court, in holding otherwise, seems from the recitations in the decree to have labored under the same view the appellees present in their brief, to wit, that it was necessary by direct evidence to show "an agreement between the parties to become, then and there, husband and wife, followed by co-habitation and holding out to the public as such," whereas the true rule is: "Independent of any direct or documentary evidence, a marriage may be circumstantially established by the fact that a man and woman have for a considerable period of time openly cohabited as husband and wife and recognized and treated each other as such so that they are generally reputed to be married among those who have come in contact with them. Such circumstances justify a finding that at the commencement of the cohabitation the parties actually entered into a marriage, but, although they justify such a finding, they do not necessarily lead to or demand it." 38 Corpus Juris, 1338. See also Edelstein v. Brown (Tex. Civ. App.) 95 S. W. 1126, affirmed in 100 Tex. 403, 100 S. W. 129, 123 Am. St. Rep. 816; Clover v. Clover (Tex. Civ. App.) 247 S. W. 300; Winters v. Duncan (Tex. Civ. App.) 220 S. W. 219; Walton v. Walton (Tex. Com. App.) 228 S. W. 921; Brooks v. Hancock (Tex. Civ. App.) 256 S. W. 296.

■ In this instance appellant herself being unable, on account of the interdiction of R. S. article 3716—this being an action against Charles Wingfield's administrator—to testify as to whether or not she had made such an agreement with the deceased during his lifetime, many witnesses testified in her behalf that she and he had lived together in the same house for something like two years before he died; that he had established for her as his wife a line of credit at the grocery store; that he had introduced her to numerous people as his wife; that they attended moving picture shows together in company with married friends of theirs; and that she was generally known in the community as Mrs. Wingfield.

To this she herself added, without objection, that at the time she thus lived with Wingfield she had been divorced from her prior husband.

This evidence alone, to make no attempt to even recapitulate its extended details, especially when given the benefit of all reasonable inferences and intendments, was clearly sufficient to take to the jury the question of whether or not the declared-upon common-law marriage, inclusive of the necessary agreement between the parties to enter into it; existed. Walton v. Walton (Tex. Com. App.) 228 S. W. 921; Burnett v. Burnett (Tex. Civ. App.) 83 S. W. 238; Texas Employers' Insurance Ass'n v. Soto (Tex. Civ. App.) 294 S. W. 639.

 Appellant's other two contentions also should be sustained, we conclude; that is, in the circumstances, the copy she offered of the purported decree of the chancery court of Jasper county in the state of Mississippi, reciting the divorce of herself from her former husband, Robert Jones, as well as her proffered proof of the law of that state tending to establish the validity thereof, should both have been received. It is true she had not pleaded what the law of Mississippi on this subject was, but that was unnecessary, in view of the incidental way in which the matter arose during the trial; she had alleged a complete cause of action in declaring that she had been the common-law wife of Wingfield at the time of his death, and, prima facie at least, had established it in presenting the testimony concerning cohabitation above referred to; in cross-examination by her adversaries it was brought out that she had previously been married to Jones, thereby raising some question as to whether or not the subsequent relationship with Wingfield could have amounted to a legal marriage; this being merely an evidentiary issue, she could rebut it without prior pleading, under the principle thus stated by Mr. Freeman: "Whether or not the sister state law must be alleged would seem to depend upon the manner in which the effect of the judgment is presented and relied upon. Thus where it is merely evidentiary matter tending to sustain or defeat a cause of action, there is no reason why it should not be governed by the ordinary rule that .evidentiary facts shall not be pleaded." Freeman on Judgments (4th Ed.) § 1390.

 The Mississippi court was one of record, its duly certified decree of divorce, which came here authenticated in all respects as required by the act of Congress appertaining to its use in another state, was on its face valid for such portent, wherefore, as we read the authorities, including the Texas case of Brown v. Mitchell, 75 Tex. 9, 12 S. W. 606, in the absence of proper proof of what the law of Mississippi was concerning actions for divorce, the Texas courts should presume that it authorized the rendition of such judgment, that the court of the sister state had jurisdic-

tion, and that its proceedings were legal. Western Assurance Co. v. Walden, 238 Mo. 49, 141 S. W. 595; Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458; Reis v. Epperson, 143 Mo. App. 90, 122 S. W. 353; Russell v. Butler (Tex. Civ. App.) 47 S. W. 406; McHatton v. Rhodes, 143 Cal. 275, 76 P. 1036, 101 Am. St. Rep. 125; Dodge v. Coffin, 15 Kan. 285; Droge Elevator Co. v. Brown, 172 Iowa, 4, 151 N. W. 1048; Robinson v. Freeman, 236 Mass. 446, 128 N. E. 718; Howard v. Strode, 242 Mo. 210, 146 S. W. 792, Ann. Cas. 1913C, 1057; Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1.

 Under the rationale of the holdings cited, this presumption was not overcome to the extent of rendering the foreign judgment inadmissible in evidence, by simply showing, as the appellees in objecting to its receipt did in this instance through like certified and authenticated copies of proceedings in the Mississippi case, that what would have been requisite for a divorce under the Texas law was not complied with in a number of particulars, to wit, among others:

"(a) The record showed that the plaintiff in the purported judgment had not resided in the County, wherein the suit was filed, for six months next preceding the filing of the suit; * * *

"(d) That it affirmatively appeared from the record that the suit was tried within thirty days from the date the suit was filed;

"(e) That the citation, as issued in the suit, did not state the cause of action nor the number of the suit."

They did not go further and show what the law of Mississippi was, nor that it did not authorize just what was done, but relied upon a claimed presumption that it was the same as that of Texas; upon appellant's offer to then additionally prove—both by means of accredited books and competent attorneys of that state—that the entire proceedings so tendered were in compliance with the Mississippi law, this proof, together with the judgment, was excluded, and the peremptory instruction against her followed.

Irrespective of where the burden of proof lay as to establishing what the Mississippi law was, appellant affirmatively offered to show it, and thus under the facts and the law having a right involved that depended upon it rather than the Texas law, should have been permitted to prove it.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; the judgment has been reversed, and the cause remanded for another trial.

**Reversed and remanded.**