322

**NATIONAL LIFE & ACCIDENT INS. CO.,
Inc., et al. v. THOMPSON.**

No. 2336.

Court of Civil Appeals of Texas. Waco.
June 12, 1941.

Rehearing Denied July 17, 1941.

Read, Lowrance & Bates, Donald Gay, and W. F. Bane, all of Dallas, for appellants.

Wright K. Smith, of Dallas, for appellee.

HALE, Justice.

Velma Thompson instituted this suit in the County Court at Law of Dallas county on June 15, 1939, against The National Life & Accident Insurance Company, Inc., for the recovery of $200 and statutory penalties alleged to be due her as beneficiary in a policy of insurance on the life of her husband, Era Thompson. Defendant answered on June 30, 1939, with a plea in abatement on the ground that plaintiff had assigned the policy sued upon to one Braswell, and, subject thereto, with general demurrer and general denial. On October 13, 1939, the brother and sisters of the insured filed their plea of intervention, asserting their right to recover the proceeds due under said policy, by reason of their allegation that plaintiff wilfully brought about the death of her husband. On October 17, 1939, defendant answered further, alleging that it was unable to determine who was entitled to receive the proceeds due under said policy and that it was paying into the registry of the court the sum of $200 to abide the judgment in the cause, and it prayed that it be dismissed from further liability with its costs.

The case was submitted to a jury on special issues, in response to which they found that plaintiff did not wilfully bring about the death of the insured; that a common-law marriage was in existence between plaintiff and the insured at the time of the latter's death; and that $100 would be a reasonable attorney's fee for the legal services rendered in prosecuting plaintiff's case. Thereupon plaintiff moved for judgment on the verdict for principal, interest, attorney's fee and penalties. Interveners and defendant each presented separate motions for judgment in their favor, respectively, non obstante veredicto. The court rendered judgment in favor of plaintiff and against defendant for the sum of $200, with interest and court costs, and that interveners take nothing. Each of the parties filed separate motions for new trial, all of which were overruled, and to which each duly excepted and gave notice of appeal. Defendant and interveners seasonably filed joint appeal bond and the case is now properly before this court for review. The parties will be referred to on appeal as they were in the trial court.

The defendant Insurance Company complains of the judgment against it for costs, on the contention that it was a mere stakeholder and had paid the funds in controversy into the registry of the court. The record shows that the insured died on June 2, 1938, and thereafter on the same day plaintiff assigned by written instrument all of her interest in the policy to one Braswell, undertaker; that shortly after the funeral of deceased, plaintiff and Braswell called in person on a proper agent of defendant for the purpose of collecting the proceeds due under said policy; that defendant's agent then offered to pay the sum of $26 in full discharge of its liability, but no more; that on July 18, 1938, counsel for plaintiff addressed a letter to defendant advising that he had been employed to represent plaintiff, that he understood due proofs of loss had been submitted, that his client had assigned her policy, but the assignee desired to release such assignment, and he demanded payment to plaintiff of the full amount of the policy. After plaintiff had filed her suit and after defendant had answered with a general denial, Braswell filed in said cause, on July 11, 1939, a release of his claim and the interveners were then advised by a representative of defendant that they should employ an attorney to intervene in the case on their behalf.

Defendant asserted in its motion for judgment non obstante veredicto, and again in its motion for new trial, that the findings of the jury on the issues of wilful killing and common-law marriage were each without any support in the evidence. There was no evidence showing that defendant ever had any notice of any adverse claim of interveners to the proceeds due under said policy, as provided in art. 4736 of Vernon's Ann.Tex.Civ.St., until the plea of intervention was filed by them on October 13, 1939. Without further statement or discussion, we hold that no reversible error is shown by this record on the action of the trial court in taxing the court costs against defendant. We can not say that the Insurance Company exercised that degree of diligence and impartiality which the law requires in order to secure for itself the benefits conferred upon a mere stakeholder under a proper

bill of interpleader. Continental Nat. Bank v. Smith, Tex.Com.App., 286 S.W. 163; New York Life Ins. Co. v. Veith, Tex.Civ. App., 192 S.W. 605.

Interveners assert as their grounds of complaint that (1) the uncontroverted evidence showed the plaintiff wilfully brought about the death of the insured and (2) the evidence was insufficient to sustain the finding that plaintiff was the common-law wife of the deceased. The evidence showed that the insured died as the result of stab wounds inflicted upon him by plaintiff, but in our opinion a fact issue was thereby raised as to whether the killing was wilful. The trial court instructed the jury that the word "wilfully" as used in the charge meant "knowingly, intentionally, deliberately or designedly." No objection was interposed by any of the parties to this definition. Plaintiff testified at great length to a state of facts, which, if true, showed that she was acting in self-defense as the result of a difficulty provoked by the deceased and that she had been so beaten by her husband at the time when she finally resorted to her knife as a means of protecting herself against threatened death, as to be insensible to any motive other than the primal instinct of self-preservation. She was corroborated in many of the details of her testimony by various witnesses.

■ While we are thoroughly in accord with the salutary effect of the wise and just rule of the common-law which forfeits any right of recovery to a beneficiary in a life insurance policy who feloniously takes the life of the insured, and of the kindred rule embraced in art. 5047, of Vernon's Ann.Tex.Civ.St., yet we can not hold as a matter of law on the evidence before us that plaintiff wilfully or feloniously brought about the death of the insured within the meaning of the statute or of the common law. McCormick v. Southwestern Life Ins. Co., Tex.Civ.App., 35 S.W.2d 502; New York Life Ins. Co. v. Veith, Tex. Civ.App., 192 S.W. 605.

■ ■ We do not think interveners are in any position to assert that the evidence was insufficient to sustain the finding of the jury on the issue of whether plaintiff was the common-law wife of the insured. They did not plead a want of insurable interest on the part of plaintiff as a ground of recovery, but on the contrary they based their rights solely upon their allegation that she had wilfully brought about the death of "her husband." They made no such contention in their motion for new trial. Furthermore, even though plaintiff was not the common-law wife of the insured so as to have an insurable interest in his life, interveners would not be entitled in that event, as heirs and next of kin, to recover on the policy without alleging and proving that the insured died intestate and that no administration on his estate was pending or necessary. This they wholly failed to do.

■ However, we have carefully reviewed the evidence on this issue. Plaintiff testified, in substance, that she and the insured had been living together as husband and wife since 1931 and that they had always introduced each other to members of the public as husband and wife. Several of the interveners testified that they had visited frequently in the home of their brother and plaintiff; that the deceased and plaintiff were considered by those who knew them to be husband and wife. In our opinion, the evidence afforded a sufficient basis for the finding of the jury to the effect that the insured and plaintiff had entered into an agreement to become husband and wife and in pursuance thereof had lived together as such, and had held each other out to the public as husband and wife; and this finding established the insurable interest of plaintiff in the life of the insured as his wife and as the designated beneficiary in the policy sued upon. Walton v. Walton, Tex.Com.App., 228 S. W. 921; Edelstein v. Brown, Tex.Civ.App., 95 S.W. 1126, and Id., 100 Tex. 403, 100 S.W. 129, 123 Am.St.Rep. 816; Edge v. Griffin, Tex.Civ.App., 63 S.W. 148.

■ Plaintiff asserts by cross-assignment her right to recover the additional sum of $100 as attorney's fees. She bases her claim upon the oral demand which she made shortly after the death of the insured and upon the written demand made by her attorney in his letter of July 18, 1938. The evidence shows without dispute that the assignment which plaintiff executed on June 2, 1938, transferring all of her interest in the policy to the undertaker, Braswell, was promptly filed with the defendant and there was no release of the same until after the demands relied upon had been made. Therefore, even though either of these demands had been otherwise sufficient to serve as a basis for invoking the statutory penalties, plaintiff was not then in a position to demand or receive any part

of the proceeds due or to become due under the policy. We conclude that the trial court did not err in refusing to allow plaintiff an attorney's fee. First Texas Prudential Ins. Co. v. Long, Tex.Com.App., 46 S.W.2d 297.

Finding no reversible error in the case, the judgment appealed from is affirmed.