CITIZENS RAILWAY COMPANY V. WILLIE GIFFORD, BY NEXT FRIEND.

Decided November 30, 1898.

**1. Negligence—Charge—Electric Railway—Live Wire.**

In a suit against an electric street railway company for injury from a live wire it was error to charge that it was defendant's duty to so maintain its wires as to prevent injury to persons coming in contact with them.

**2. Same—Degree of Care.**

The duty of defendant in such case was to exercise ordinary care to prevent such injury,—what would constitute such care being determined by the circumstances, place, nature of agency, and likelihood of injury,—and it was improper to instruct the jury that certain facts would constitute negligence.

APPEAL from McLennan. Tried below before Hon. SAM R. SCOTT.

*Clark & Bolinger,* for appellant.

*T. A. Blair* and *Dyer & Dyer,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—This is an action by appellee, Willie Gifford, by next friend, A. R. Gifford, against the Citizens Railway Company, an electric street car railway company in Waco, for damages for personal injuries resulting from alleged negligence of the company in allowing a charged wire to remain in the street, with which the boy came in contact and was severely burned.

It seems a charged wire was down in the street, about fifty feet from the boy's home, and his mother sent him after the cow. In driving the cow home she went over the live wire and was slightly touched by it, and the boy following came in contact with it, was shocked and burned.

Defendant pleaded demurrers, a general denial, and contributory negligence. Verdict and judgment for plaintiff, from which this appeal is taken.

*Opinion.*—The court instructed the jury as follows: "It was the duty of the defendant company to so construct, operate, and maintain the wires with which they operate their cars in such manner and with such a degree of care and skill as to prevent injuries resulting to persons who may come in contact with such wires; and a failure upon the part of defendant or its servants and employes to so construct and maintain their said wires along their car line would constitute negligence."

This charge is erroneous, as it requires the company to so put up and maintain its wires as to absolutely prevent injuries to persons coming in contact with them, regardless of the care used by the company; and the charge is erroneous in that it declares the failures stated to constitute negligence.

The degree of care required of a company operating electric street cars in order to exonerate it from liability to a person coming in contact with

its wires, must depend on the circumstances, the place, the nature of the agency, and the likelihood of injury. Railway v. Matula, 79 Texas, 582 The circumstances may require much greater care in one class of cases than in another. The use of electricity on streets and in public places to operate cars may be very dangerous to the public, or it may be less dangerous, according to the situation and surroundings.

We believe the rule is that ordinary care is required, such as a person of ordinary prudence would use under like circumstances to prevent injury. Ordinary care may require much greater vigilance and skill in one case than in another, dependent upon the elements of danger; but still it would be ordinary care that the law would impose upon the person or company controlling and operating the agency. Railway v. Smith, 87 Texas, 348.

It was not proper for the court to tell the jury that certain facts would amount to negligence.

Because of the error in the charge, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*