## VENERANDA SCHWINGLE v. C. C. KEIFER ET AL.

No. 2267.    Decided February 26, 1913.

**Common Law Marriage—Agreement.**

To constitute a marriage by contract of the parties to become husband and wife, the agreement must be an absolute one to be such during their lives. An undertaking that they be husband and wife and live together as such as long as they desired, but either could dissolve the marriage at any time, did not constitute marriage.

Error to the Court of Civil Appeals, Fourth District, in an appeal from El Paso County.

Veneranda Schwingle sued Keifer, as executor of Jacob Schwingle, deceased, and others, to establish her rights as widow of deceased and owner of half of property alleged to belong to their community estate. Defendants had judgment which was affirmed on appeal by plaintiff and thereon she obtained writ of error.

*Morris & Gillette,* for plaintiff in error cited: Stevens v. Stevens, 38 Atl. (N. J.), 463; In re Imboden's Est. (Mo.), 86 S. W., 268; Tartt v. Negus, 28 So., 713; Franklin v. Franklin, 154 Miss., 515, 26 Am. St., 266; Randall v. Kreiger, 90 U. S., 137.

*Brown & Terry* and *Robert S. Neill,* for appellees.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Jacob Schwingle, a German without wife or children unless plaintiff in error was such wife, resided in El Paso, Texas, in that portion occupied principally by Mexicans. He made a will which was duly probated, C. C. Keifer being nominated executor who qualified as provided by law.

The controversy in this case does not involve the proceedings in the probate court, nor the validity of the will, except as hereinafter stated. The plaintiff in error brought this action to recover one-half of the property which constituted Schwingle's estate as being community property between herself as wife and Jacob Schwingle. For the purpose of this opinion we will state only the substance of plaintiff's evidence in proof of her being the wife of Schwingle. We give the substance of the facts as found by the Court of Civil Appeals.

Veneranda Moreno was a Mexican woman living in the City of El Paso. She was not acquainted with Schwingle, but he came to her room in the City of El Paso and proposed to her that they should be husband and wife. He did not propose marriage by any

judge or other official—just that she should live with him as his wife—and it was agreed that they would live together so long as they desired, but either could dissolve the marriage at any time. They lived together for ten years when she left him, but returned again and they were husband and wife to his death. The defendants in error disputed the marriage and claimed that the woman was Schwingle's house-keeper. The Court of Civil Appeals found that there was no such agreement as would constitute a common law marriage.

The trial court submitted but one issue to the jury, the question of marriage without license, and gave this charge:

"You are instructed that a man and woman competent to marry under the law of this State, may, if they see proper to do so, instead of being married in accordance with the forms prescribed by our statutes, enter into an unqualified agreement, the one with the other, to become then and from that time thenceforth husband and wife, and same would be a valid marriage contract,—said agreement may be express or implied. An express agreement is where the parties thereto express their agreement in words,—an implied agreement is one where the conduct of the parties with reference to each other and the subject matter is such as to induce the belief that they mutually intend to do that which their acts indicate that they have done. A living and cohabiting together as husband and wife, or declarations of the parties that they are husband and wife do not of themselves constitute a marriage in fact, in the absence of an agreement, express or implied. An agreement, either express or implied, coupled with a proviso or qualification, made at the time of entering into a marriage contract that either or both of the parties to the contract could dissolve the contract at will would not in law constitute a marriage contract. In order to render such a marriage contract invalid it must appear from the evidence that the proviso or qualification entered into and formed a part of the marriage contract at the time the contract was made, any after agreement or any such construction of the marriage contract by either or both of said parties would not render a marriage contract otherwise valid, void; the qualification to render it void must be a part of the marriage contract itself, and not a construction of it.

"Any mental reservation on the part of either of said parties and not expressed to the other at the time a marriage contract is made, that the party did not in good faith intend to take the other into the full marriage relationship would not have the effect to avoid a marriage contract otherwise valid. You will look to all of the evidence, facts and circumstances introduced in evidence in determining whether a valid marriage contract such as defined in this paragraph of this charge was made between applicant and said Jacob Schwingle." * * * "Therefore, if you shall find for the applicant on the issue as to marriage your verdict may be as follows: * * * We the jury find for the applicant on the issue as to marriage." * * * "If the jury shall find for the respondents they will return a general verdict saying: We the jury find for the respondents."

The jury returned a verdict for respondents in the language given by the court.

The plaintiff in error claimed to have become the wife of Jacob Schwingle under a definite oral contract and her case must stand or fall on that proposition. Except that it is not correct as to what might constitute a common law marriage (see Stallcup v. Grigsby [Grigsby v. Reib], decided this day) the charge of the district judge is clear and explicit in its expression and correct. No complaint is made of the charge.

This court must accept the facts as found by the Court of Civil Appeals and the construction of the evidence if it be fairly susceptible of two constructions. The charge of the court submitted but one issue, that was whether there was a common law marriage by agreement between the parties, omitting the requirement of cohabitation. The jury returned a verdict for the respondents, and judgment was entered accordingly. The plaintiff in error was permitted to testify over objection although she was incompetent. (Edelstein v. Brown, 100 Texas, 403.) The charge of the court was more favorable to her than the law justified. Her own statement of the agreement between her and Schwingle showed that it did not in law constitute marriage. If it were the law that they could have created marriage by contract only, it must have been an absolute agreement to be husband and wife during their lives. She proved that no such agreement was made, therefore there was no marriage. She could not have recovered if there had been no evidence but her statement. Having no evidence on which she could recover, the other assignments become immaterial and will not be examined.

It is ordered that the judgments of the District Court and the Court of Civil Appeals he and they are hereby affirmed.

*Affirmed.*