MARY BERGER v. W. M. KIRBY, ADMINISTRATOR ET AL.

No. 2285.  Decided February 26, 1913.

**1.—Common Law Marriage—Charge.**

On the issue of the existence of a common law.marriage between plaintiff and deceased, plaintiff claiming a community interest in the latter's estate as his widow and the evidence presenting an issue of fact as to such marriage, a charge which required the finding not only of an agreement to become husband and wife, but that the parties live and cohabit together as such and hold themselves out to the public as husband and wife, in order to create such relation, was correct. Grigsby v. Reib, ante, p. 597, followed. (Pp. 614, 615.)

**2.—Same—Evidence—Character of Cohabitation.**

On the issue of the' character of cohabitation shown in support of an agreement to live as husband and wife as constituting a common law marriage between plaintiff and deceased, evidence which tended to show the character of the community in which plaintiff lived (a ''reservation'' for prostitutes in a city) and her own character for virtue were relevant to interpret the visits of deceased to her and his association with her. (P. 615.)

**3.—Same—Evidence—Conclusion of Witness.**

Testimony of plaintiff claiming a common law marriage with decedent by contract without license or ceremony, that "about four days after the death of B's wife she married B," was a conclusion of the witness and not admissible. (Pp. 614, 615.)

**4.—Same—Evidence—Testimony of Party.**

In an action against the administrator and heirs of decedent to recover property claimed by plaintiff as his common law wife, she is not a competent witness to prove the transaction between deceased and herself in making a contract of marriage. Rev. Stats., 1911, art. 3690; Edelstein v. Brown, 100 Texas, 403. (P. 615.)

**5.—Deed—Estoppel—Compromise.**

Deeds made to defendants by plaintiff as the surviving wife of deceased which were sought and made to prevent litigation—buying the peace of the adverse claimant—did not estop the parties receiving them from disputing the recital therein that the grantor was such surviving wife. (P. 615.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Mary Berger sued Kirby, administrator, and others, and obtained writ of error on the affirmance, on her appeal, of a judgment for defendants.

*Parks, Patton & Plowman, Etheridge & McCormick,* and *Thomas & Rhea,* for plaintiff in error.—The court erred in excluding the answer of plaintiff from the consideration of the jury, to the effect that about four days after the death of Berger's former wife she, the plaintiff, married Berger. Ingersoll v. McWillie, 9 Texas Civ. App., 543, 30 S. W., 58; Newton v. Newton, 77 Texas, 508, 14 S. W., 157; Roberts v. Yarbro, 41 Texas, 451; Markham v. Carothers, 47 Texas, 25; Martin v. McAdams, 87 Texas, 225, 27 S. W., 255.

The case not being one in which the plaintiff or either of the defendants were suing or being sued in which judgment could or would be rendered wholly against them, or any of them, as executrix, administratrix, executor, administrator, guardian, or heir, she, the plaintiff, was a competent witness to testify as to any transaction with, or statement by the intestate, although not called by the adverse party to testify, and if the testimony needed limiting that would not affect its admissibility. Same authorities.

To constitute a common law marriage it requires only the agreement of the man and woman to become then and thenceforth husband and wife. When this takes place the marriage is complete: Simmons v. Simmons, 39 S. W., 640.

The court erred in requiring the jury to believe and to find too many prerequisites to a verdict for the plaintiff under the law, namely: It required the jury to find (1) that the plaintiff, Mary Berger, and the deceased, A. Berger, agreed to become husband and wife; (2) that in pursuance of such agreement they lived together as man and wife; (3) that they cohabited together as husband and wife; and (4) that they held themselves out to the public as husband and wife—before authorizing the jury to return a verdict for the plaintiff. Simmons v. Simmons, 39 S. W., 639; Baker v. Ashe, 80 Texas, 356; San Antonio etc. R. Co. v. Robinson, 73 Texas, 277,

11 S. W., 327; International etc. R. Co. v. Welch, 86 Texas, 204, 24 S. W., 390; Mo. etc. Ry. Co. v. Rogers, 89 Texas, 675, 36 S. W., 243; Houston etc. R. Co. v. Greer, 22 Texas Civ. App., 5; Mo. etc. Ry. Co. v. Mills, 27 Texas Civ. App., 245, 65 S. W., 74; Citizens Ry. Co. v. Sinclair, 36 Texas Civ. App., 266, 81 S. W., 329; Yoakum v. Mettash, 26 S. W., 129, 93 Texas, 698.

The court erred in allowing the defendants to prove by the defendant, Thomas, that the general reputation. of the community in which plaintiff lived was that of a reservation; that he had seen plaintiff soliciting numbers to come into her room; and that after she moved he saw a sign on her house ''Mary Chabees.'' Ingersoll v. McWillie, 87 Texas, 647, 30 S. W., 869; M. K. & T. Ry. Co. of Texas v. Creason, 101 Texas, 335; Dimmitt v. Robbins, 74 Texas, 445.

The good and the bad, the righteous and the unrighteous, the chaste and the unchaste, being permitted, alike, under the law, to marry and be married it was immaterial to any issue in this case as to whether the plaintiff was ''classed as a prostitute'' and the court erred in holding it material to any issue in the case. Ingersoll v. McWillie, 30 S. W., 869.

The defendants in error, Smith, Thomas, Sewell, and those who claim under them, are estopped by deed to gainsay the covenanted fact, permeating their chain of title, that plaintiff in error was the wife of A. Berger, deceased. Despain v. Wagner, 163 Ill., 598; same case, 45 N. E., 129; Orthwein v. Thomas, 127 Ill., 554; Powers v. Minor, 87 Texas, 83; Doty v. Barnard, 92 Texas, 104; Waco Bridge Co. v. City of Waco, 85 Texas, 320; Corzine v. Williams, 85 Texas, 499; Kimbro v. Hamilton, 28 Texas, 561; Hardy v. DeLeon, 5 Texas, 211; Thrower v. Wood, 53 Ga., 456.

*J. E. Thomas, Ed Sewell* and *Barry Miller*, for defendants in error.—Where a common law marriage is sought to be established all the testimony that goes to show the intention of the parties is admissible testimony, as throwing light to the jury on the question as to whether or not the relationship, if any, was other than that of a mistress. 8 Ency. of Evidence, 481; Western Union Telegraph Co. v. Proctor, 6 Texas Civ. App., 300, 25 S. W., 811; Cuneo v. DeCuneo, 24 Texas Civ. App., 436, 59 S. W., 284.

The court did not error in refusing the plaintiff a new trial because a great preponderance of the testimony was to the effect that she was not the wife of A. Berger. Edelstein v. Brown, 100 Texas, 402; Ingersoll v. McWillie, 9 Texas Civ. App., 543; Gaffy v. Gaffy, 12 Texas Civ. App.., 618; Cuneo v. DeCuneo, 59 S. W., 284, 24 Texas Civ. App., 436; Speer on Married Women, sec. 12.

The court did not err in refusing the plaintiff a new trial because Smith, Sewell and Thomas were estopped from asserting or claiming that the plaintiff was the wife of A. Berger, deceased. Texas Bank Co. v. Hutchins, 53 Texas, 67; Scarbrough v. Alcorn, 74 Texas, 360, 12 S. W., 72; State v. Bender, 68 Texas, 678.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This suit was instituted by Mary Berger against James Smith, in-

,dividually and as administrator of the estate of A. Berger, deceased, and against M. D. Kirby, individually and as administratrix of the estate of M. W. Kirby, deceased, and against a number of other persons not necessary to mention, as the case depends upon the right of plaintiff as surviving wife of A. Berger to the property of said estate.   A. Berger was a widower,—unless Mary Berger was his wife,—and died in Dallas, Texas, leaving as his heirs a brother and some other relatives whose names are unimportant.   Decedent left a considerable estate and owed some debts.   There was a contest over the granting of letters of administration, Mary Berger claiming to be the surviving wife of deceased but waived her right to administer, and letters were granted to James A. Smith.

To decide the issues of law upon which the case as before this court depends does not require a full statement of the facts, but only those facts upon which plaintiff rests her claim to have been the wife of A. Berger; for if there was material error in the charge of the court upon that question, or if there was error in excluding testimony offered to prove the marriage, the judgment should be reversed, otherwise it must be affirmed.

Mary Berger claimed that she had been servant to A. Berger and after his wife's death he and plaintiff made an oral contract to be husband and wife, and that they lived together as husband and wife to the death of A. Berger.

Upon the trial plaintiff being upon the witness stand offered to testify, in substance, "that four days after the death of A. Berger's first wife, she and A. Berger agreed to live together as man and wife, agreed to be man and wife, just as he and his former wife, Josie Ramarez Berger, had been, and thenceforth they were husband and wife until the day of the death of A. Berger."

The objection made is not stated in the application, but the court excluded the evidence.   There was much evidence on the various issues, but it is unnecessary to recite it here.   The judge charged the jury as follows:  "A common law marriage is valid in this State, and the issuance of a marriage license or marriage ceremony is not necessary to constitute a common law marriage.   A common law marriage exists when a man and woman enter into an agreement to become husband and wife and in pursuance of such agreement do live together and cohabit as husband and wife and hold each other out to the public as husband and wife.   Such agreement to become husband and wife may be express or implied; an express agreement is where the parties thereto expressly agree, and an implied agreement is where the parties with reference to the subject matter is such as to induce the belief in the minds of the contracting parties that they intend to do that which their acts indicate they have done. If you believe from a preponderance of the evidence that the plaintiff, Mary Berger, and the deceased, A. Berger, agreed to become husband and wife, as is claimed by the plaintiff, and that in pursuance of such agreement they lived together and cohabited as husband and wife, you (will) find that the plaintiff was the wife of A. Berger, deceased.   If you fail to find under the preceding clause that the plaintiff was the common law wife of A. Berger, deceased,

then you are instructed that you need proceed no further, but you will return your verdict for the defendants.''

The jury returned a verdict for the defendants.

Plaintiff's right to· recover in this case depends primarily upon the truth of her claim to have been the wife of the deceased Berger. The best phase of the evidence for the plaintiff is that her marriage to the deceased was a question of fact to be decided by the jury, and to be entitled to a reversal of the judgment, she must show material error in the charge of the court to the jury, or such error in admitting or excluding evidence upon that issue. The charge of the court gave a correct rule to govern the jury in deciding the issue of marriage. (See Stallcup v. Grigsby [Grigsby v. Reib] opinion filed at the same time as this.) The jury returned a verdict for defendants, that is, that Mary Berger was not the wife of Berger.

We now look for error which probably produced an erroneous conclusion upon the facts. We repeat that the evidence was not conclusive of the marriage, and the verdict must stand unless error be shown in admitting or excluding evidence.

· The character of cohabitation between plaintiff in error and deceased was material and the evidence which tended to show the character of the community in which she lived and her own character for virtue were relevant to interpret the visits of Berger and his association with the woman, and there was no error in admitting evidence of these facts.

There was no error in refusing to permit plaintiff to testify that ''about four days after the death of Berger's wife, she married Berger''; it was a conclusion. She did not .claim to have been married under license. The proposed statement if admitted would not have tended to prove a common law marriage. The witness was not competent to prove the transaction between herself and the deceased in making a contract of marriage. Rev. Stat., 1911, art. 3690; Edelstein v. Brown, 100 Texas, 403.

The deeds made by Mary Berger as the surviving wife of the deceased were manifestly sought and made to prevent litigation—buying the peace of the adverse claimants. The recital that she was the surviving wife of Berger constitutes no estoppel under such state of facts. 16 Cyc. p. 687-8; Cannon v. Stockman, 95 Am. Dec., 206, 36 Cal., 535.

The charge of the court on the subject of common law marriage was practically correct. (Stallcup v. Grigsby [Grigsby v. Reib, anti p.] opinion filed today.)

There is no error shown that requires a reversal of the judgments, which we affirm.

*Affirmed.*