EDMONDSON et al. v. JOHNSON.
(No. 2009.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 29, 1918. Rehearing Denied Dec. 19, 1918.)

MARRIAGE ☞20(1)—COMMON-LAW MARRIAGE —MUTUAL AGREEMENT.

An agreement between a man and a woman then to become and thence afterwards to be husband and wife is the gist of a common-law marriage.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Proceeding by Ida Johnson to probate the will of T. C. Edmondson, deceased, contested by Laura Edmondson and others. Decree for proponent, and contestants appeal. Reversed and remanded.

Lennox & Lennox, of Clarksville, for appellants.

J. Q. Mahaffey, of Texarkana, for appellee.

LEVY, J. An application was made by the appellee to probate an instrument alleged to be the last will of T. C. Edmondson, deceased. A contest was filed by the appellants to the probating of the will, alleging the incapacity of the testator to make a will, and also the execution of the same through fraud and undue influence practiced upon him.

As a basis for the right to contest the probating of the will the contestants averred that Mrs. Laura Edmondson was the common-law wife of the testator, and T. C. Edmondson, Jr., a son in virtue of such marriage. If the testimony was sufficient, under proper instructions, to authorize the jury to find there was such a marriage, then the action of the court was error in peremptorily instructing a verdict in favor of the proponent, and the judgment should be reversed; otherwise it should be affirmed.

The testimony of a number of witnesses was offered to prove habit and repute of marriage between deceased and Mrs. Laura Edmondson in the community where they for a long time resided. The reputation of marriage thus sought to be established was shown to be a divided one. And the appellants read in evidence the ex parte depositions of Mrs. Edmondson on the issue of the common-law marriage. The jury giving full credence, as in their province, to all her evidence, it is believed that they may have concluded that her undertaking and conception in the first instance of the relationship entered into between her and the deceased was not something different from the legal relation of man and wife. And properly reconciling all her evidence, it is concluded that the jury may have reasonably found that there was in fact an agreement in 1876 between Mrs. Laura Edmondson and the deceased then to become and thence afterwards to be husband and wife. This is the gist of a common-law marriage. Simmons v. Simmons, 39 S. W. 639; Cuneo v. De Cuneo, 24 Tex. Civ. App. 436, 59 S. W. 284; Schwingle v. Keifer et al., 105 Tex. 609, 153 S. W. 1132; and other cases.

As the question here considered should have been passed to the jury for decision, the judgment is reversed, and the cause remanded for trial.