**GREEN v. CROWELL, Deputy Com'r, et al.**
**No. 7158.**

Circuit Court of Appeals, Fifth Circuit.
March 23, 1934.

Rehearing Denied April 16, 1934.

---

R. A. Dowling, of New Orleans, La., for appellant.

William H. Norman, Sp. Asst. to U. S. Atty., and Geo. H. Terriberry and Benjamin W. Yancey, both of New Orleans, La., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment sustaining the action of the deputy commissioner in rejecting two claims for compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (33 US CA § 901 et seq.)

On December 17, 1931, John Green was accidentally fatally injured in the course of his employment as a longshoreman while working on the steamship Nishmaha in the Harbor of New Orleans. Rebecca Green, claiming to be his common-law wife, made application for compensation for herself and her minor son, issue of a former marriage. The deputy commissioner investigated the claim and later, on August 19, 1932, an open hearing was had before him, at which Rebecca Green was present and testified. She and other parties in interest were represented by counsel. It is not disputed that Rebecca Green and her son, as his stepson, would be entitled to compensation if she were the lawful widow of John Green.

In filing her claim Rebecca Green stated under oath that she was married to the deceased "on or about March 10, 1924, at Port Arthur, Texas, by bond marriage (common law)." In her evidence given at the hearing she testified in substance that she lived with Green as his common-law wife for about five months in Galveston, Tex., not at Port Arthur, and then they came to New Orleans and she continued living with him as his wife for about seven years in New Orleans until his death. There was no other evidence as to their cohabitation in Texas. The deputy commissioner put into the record a statement

she had made to him in December, 1931, of which he made a memorandum at the time, that she was never married to John Green but lived with him as his common-law wife for seven years in New Orleans; that the relationship of common-law wife commenced in New Orleans and they lived together at no other place than New Orleans.

Objection was made to the introduction of the statement made to the deputy commissioner but it is without merit. A deputy commissioner, under the act, is expressly authorized to make an ex parte inquiry. If it were not intended that he could rely upon the facts thus obtained, it would be useless to give him that authority. The act contemplates an expeditious, though ex parte, investigation of the claim and that the deputy commissioner may base his ruling upon facts so obtained. At the open hearing the deputy commissioner is not bound by the rules of evidence that would be applicable to trials in court nor by technical rules of procedure. Crowell v. Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598.

Rebecca Green could not show a valid marriage as resulting from her relations with John Green in New Orleans. There is no common law in Louisiana and common-law marriages are not recognized. Johnson's Heirs v. Raphael, 117 La. 967, 42 So. 470.

Conceding, arguendo, that a common-law marriage contracted in Texas would have full effect in Louisiana, it is the general rule, recognized in Texas, that mere open cohabitation is not sufficient to show a common-law marriage. There must be satisfactory evidence to prove an agreement, expressed or implied, to create the marital status. Berger v. Kirby, 105 Tex. 611, 153 S. W. 1130, 51 L. R. A. (N. S.) 182. The burden was on Rebecca Green to prove her marriage by satisfactory evidence. 38 C. J. p. 1321. Her own testimony falls short of sustaining this burden as it does not tend to show any agreement of marriage. Such as it is, it is completely rebutted by her contradictory statement to the deputy commissioner.

No question of jurisdiction is raised and the constitutional rights of the parties are not involved. Under the provisions of the act, in the circumstances here shown, the findings of fact by the deputy commissioner are conclusive, if supported by evidence. Crowell v. Benson, supra; Texas Employers' Ins. Ass'n v. Sheppeard (C. C. A.) 62 F.(2d) 122.

The deputy commissioner was entitled to disregard the testimony of Rebecca Green and rely upon her statement made to him ex parte. There was sufficient evidence to support his conclusion that she was not the common-law wife of John Green. Furthermore, it follows as a corollary to the above-stated rule that, where there is not sufficient proof to support the claim, the decision of the deputy commissioner denying compensation is also conclusive.

The record presents no reversible error. Affirmed.