### SMITH et al. v. TEXAS ELECTRIC SERVICE CO.

No. 13198.

Court of Civil Appeals of Texas. Fort Worth.

July 5, 1935.

Rehearing Denied Sept. 6, 1935.

E. W. Napier, of Wichita Falls, for plaintiffs in error.

T. R. Boone and Kearby Peery, both of Wichita Falls, for defendant in error.

BROWN, Justice.

Plaintiffs in error are the minor daughters and surviving wife of W. R. Smith, deceased, and they brought suit in the district court of Wichita county against defendant in error, Texas Electric Service Company, for damages occasioned by the death of said Smith.

It appears that Smith was digging a well, using a hand auger, the handle of which was made of a small iron pipe and was about twenty feet in length.

The suit is pitched upon the fact that the well was being dug near the power line of defendant in error, the line being on poles erected to support same; that on the same poles were strung telephone wires; that the power wire was not insulated; that it was elevated only about seventeen feet above the ground; that it is customary to maintain the wires at a higher elevation and to insulate them.

Plaintiff in error alleged that while digging this well Smith became overbalanced, or in some other manner, without fault on his part, allowed the handle of the auger with which he was working to come in contact with the inside distribution wire, thus causing his death.

The case was tried to a jury and the trial court, being doubtful of the issue of foreseeableness being present in the case, submitted the case to the jury on many special issues and, after receiving a verdict, on motion of defendant in error, rendered judgment for it. Plaintiffs in error, who were plaintiffs below, have appealed.

Among the issues submitted was question No. 10, reading as follows: "Do you find from a preponderance of the evidence that a reasonable prudent person would have anticipated or foreseen that the said W. R. Smith or some other person would raise some instrument, which would conduct electricity, in the air a sufficient height at the place where W. R. Smith was injured so as to come in contact with the electric wires in question?"

The jury answered this issue, "No."

We are of the opinion that the request made by defendant in error for a peremptory instruction in its favor should have been granted by the trial court.

In the case of Brush Electric Light & Power Co. v. Lefevre, 93 Tex. Civ. App.

604, 57 S. W. 640, 642, 49 L. R. A. 771, 77 Am. St. Rep. 898, the Supreme Court, in applying the doctrine of foreseeableness, said:

"Would an ordinarily prudent man, looking at the surroundings as they then appeared, have reasonably expected that any person would be upon the awning, and might be injured by coming in contact with the exposed wires? If such a consequence might have been reasonably foreseen, then the plaintiff in error would be liable for the injury, under the facts of this case, unless there be some other defense. If not, then it cannot be held liable for the death of Paul Lefevre. If the testimony is such that a jury might have found that the electric light company ought to have anticipated the injury, then this court cannot inquire into the correctness of such a conclusion, although it might differ with the jury as to the correctness of the verdict. In the facts of this case there is not a scintilla of proof that the awning had been used by any person as a place of resort, either for pleasure or for business. Looking at the photographic views of the situation, the awning appears to be such as is common in the towns and cities as a protection to the front of the building, with no railing or other protection upon the top or roof showing the intention for persons to resort there for any purpose whatever. If a man of ordinary prudence had been placing the wires at the same points, the facts would not have notified him that probably some one would be injured by them. From the street and the sidewalk to the place where the exposed wires were located is a distance of about 16 feet, which must have been at least 10 feet above the heads of men of ordinary height passing along the street, and there were no means by which passers upon the street or sidewalk could come in contact with the wire. It was, therefore, not negligence, with regard to persons traveling along the street or sidewalk, to leave the wire exposed, because there was no reasonable, and scarcely a possible, chance for such persons to be injured thereby. We are of opinion that there is no evidence upon which a jury could base a verdict in favor of the defendants in error, and the trial court erred in refusing to give the requested instruction to find for defendant."

The case just cited seems to us to be a much stronger case under the facts than

the instant suit, and we do not believe that the employees and officers of defendant in error, when they caused the power wire to be strung upon the poles seventeen feet above the ground, could be held to have foreseen that any person would dig a well near the wires with a hand auger, constructed of such material as would conduct electricity, and would, in all likelihood, raise the instrument then being used by him so as to cause same to come in contact with the electrically charged wire, or that they could have foreseen that some similar situation might arise.

The judgment of the trial court is affirmed.