## BROWN v. BROWN.
### No. 10599.

Court of Civil Appeals of Texas. Galveston.

April 1, 1938.

F. F. Beadle and F. W. Heinson, both of Houston, for appellant.

Jno. R. Francis and Peden, Johnson & Peden, all of Houston, for appellee.

CODY, Justice.

This is an appeal from a judgment of the district court, granting the application. of Effie Brown (appellee here) for administration upon the estate of P. Ray Brown, deceased, and refusing the application of S. Mae Brown (appellant here) to be appointed administratrix of such estate.

The matter originated in the county court of Harris county, Tex., in which court Effie Brown, the sister of the deceased, on January 6, 1936, filed her application for administration, alleging that her brother died intestate on December 31, 1935, and the necessity for administration on his estate; and three days later, in the same cause, S. Mae Brown filed her application for administration, as surviving widow, at the same time filing a contest of the sister's application, upon the sole and only ground that she, the said S. Mae Brown, as surviving widow,

was the party first entitled to administration. To the application of S. Mae Brown, as surviving widow, the sister, Effie Brown, filed a contest, upon the sole and only ground that, as alleged therein, P. Ray Brown died unmarried, and that S. Mae Brown was not his widow.

Upon such pleadings, the matter was tried in the county court, resulting in a judgment in favor of S. Mae Brown, holding that she was the widow and was entitled to administration, from which judgment an appeal was duly prosecuted to the district court, in which court the matter was tried de novo before a jury upon the same pleadings as those upon which trial was had in the county court. The matter was submitted to the jury upon special issues inquiring only as to whether or not those facts existed which were necessary to constitute a marriage between the deceased and S. Mae Brown, to which issues the jury returned such answers as to establish that no such marriage existed, upon which verdict judgment was rendered in the district court, denying the application of S. Mae Brown for administration, and granting the application of Effie Brown.

 The sole and only point for consideration upon this appeal is whether the trial court erred in giving appellee the right to open and close in the presentation of evidence, and the right to open and close in arguing the cause to the jury.

The determination of the question of whether appellant or appellee, under the circumstances stated above, had the right to open and close the evidence, and the argument, is not free of difficulty, or at least of doubt. The difficulty lies in the fact that whoever applies for administration has the burden of proving that he is so related to the deceased as to have the superior right thereto. In order for appellee to be granted administration, she had to prove that she was the sister of deceased, and also prove that appellant was not the wife of deceased. Had she not made this proof, she would have failed to establish her right as superior to that of appellant. Proof by appellee that she was the sister of deceased was a mere formality, because it was a fact so well known that it could not be disputed. Still it was a formality that appellee had the burden of proving. Appellant claimed to be the common-law wife of the deceased.

Had she been married to him by the usual ceremonial marriage, the establishment of the fact of her marriage, and her consequent right to administer on the estate of deceased would also have been a mere formality; for the law has been very careful to provide for the preservation of evidence of such a marriage. In choosing to become united with deceased by a common-law marriage, as she claims she did, appellant has no one to blame but herself for the fact that the burden of proving such a marriage is more than a mere formality. Not having contracted the conventional form of marriage—the existence of which is so readily established—she is here in the attitude of saying that the court owes the duty to her to give her the advantage of opening and closing the evidence and argument because she has failed to make the proof of her marriage a mere formality, which it would have been had it been performed according to usual form. But the fact that she failed to do this does not, in our opinion, give her a better right to open and close the case than she would have possessed had she, by adopting the conventional form of marriage, reduced the establishment of it by proof to a mere formality. Her argument comes to no more than this—that appellee's proof that she is deceased's sister is so strong as to be incontestable, and therefore she does not need the advantage of opening and closing the evidence; while the proof which she, appellant, offered of her marriage to deceased is so weak that she stands in need of such advantage. The rule laid down in subdivisions 4 and 5 of article 2180, R.S.1925, is this: "The party upon whom rests the burden of proof on the whole case under the pleadings, shall be permitted to state to the jury," etc. "Such party shall then introduce his evidence." So far as we are able to judge "under the pleadings" in the case, there was no difference between the parties as to the burden of proof on the whole case. If this is true, then it necessarily lay in the court's judicial discretion to decide the matter. But if there can be said to be any difference, it seems to us that the burden of proof on the whole case rested on appellee, because she had to prove, in order to be granted administration, not only that deceased was not married at the time he died intestate, but further prove that she was his sister. Whereas, appellant had no burden of proving that appellee was not deceased's sister, for proof

that she herself was married to him would serve to cut off the right of the sister. And the nature of marriage is such that nothing should be simpler than for a wife to prove her marriage. We overrule the assignment of error, because no authority has been cited, and no sufficient reason had been advanced by appellant to show that the ruling complained of was erroneous and should be reversed.

■ There is another reason, however, why the judgment should be affirmed. Under the proof adduced in this case, the court should have taken the case from the jury and decided the contest in favor of appellee. Abernathy Rigby Co. v. McDougle, Cameron & Webster Co., Tex. Civ.App., 187 S.W. 503. Appellant had been married to one Worn in Philadelphia in 1909. Without obtaining a divorce, she left him, with a Dr. Taggart, to go and live in Florida, where they passed as man and wife until his death in 1928. She filed a suit for divorce in Florida against her husband in 1929, and it was granted in 1930, at a time she was living in adultery with deceased. When appellant and deceased began their relationship, she testified that they agreed to live together as husband and wife for the rest of their lives, though at the time she knew his wife was living. That was four years before deceased's wife divorced him. The agreement was unlawful. She and deceased removed from Florida to Galveston, in 1929. While in Galveston, she passed herself as Mrs. Brown. We have carefully examined the evidence bearing on the relations between deceased and appellant after deceased's wife obtained a divorce, and are of the opinion that there was insufficient evidence of any agreement made thereafter between appellant and deceased to be husband and wife, to go to the jury. The relationship being meretricious in its inception, the evidence that it later became lawful would have to be positive and satisfactory, which it was not. Certainly the original agreement, which resulted in the unlawful living together, was not sufficient to transform their adulterous relationship into a lawful one, upon the mere removal of deceased's impediment to marriage when his wife procured a divorce. Even the evidence of this agreement, as we understand it, was testified to by appellant alone. She was not competent to prove the transaction between herself and the deceased in making a contract of marriage. Berger v. Kirby et

al., 105 Tex. 611, 153 S.W. 1130, 51 L.R.A., N.S., 182; Edelstein v. Brown, 100 Tex. 403, 100 S.W. 129, 123 Am.St.Rep. 816. But we do not base our ruling on this point, as no objection to her evidence seems to have been made. There was simply insufficient evidence of any change in the relationship, after deceased became competent to marry, to have authorized the submission to a jury of an issue of whether thereafter there was any contract of marriage made between them. As the court's ruling in this cause was more favorable to appellant than she was entitled to, she was not injured. Judgment is therefore affirmed.

Affirmed.

PLEASANTS, C. J., absent.