Athanassla ANTONOPOULOS, Appellant,

v.

Jimmy WOOLSEY, Independent Executor of the Estate of Chris Antone, Deceased, Appellee.

No. 5704.

Court of Civil Appeals of Texas.

El Paso.

June 2, 1965.

Rehearing Denied June 30, 1965.

Thomas O. McWhorter, Midland, Dixie & Schulman, Houston, for appellant.

Garland Casebier, Midland, A. R. Archer, Jr., Monahans, Hill D. Hudson, Pecos (on rehearing), for appellee.

CLAYTON, Justice.

This is an appeal from an order of the District Court of Winkler County, Texas, which granted the appellee a summary judgment against appellant. The cause of action grew out of the probate of the will of one Christos Antonopoulos, herein designated as Chris Antone, who died in Kermit, Winkler County, Texas possessed of real estate, royalties, mineral interests, oil and gas property rights and other personal estate. In his will he named Woolsey as Independent Executor and made several individual bequests. The will recited: "That all heirs at law and other close relatives having any claim on my bounty or estate are dead or otherwise provided for."

Appellant filed her plea of intervention in the County Court of Winkler County, as surviving widow of the decedent, claiming an undivided one-half interest in his estate. Subsequently the will was admitted to probate and appellee Woolsey was appointed independent executor of the estate. He then filed his contest to the intervention plea, denying that the decedent had been married to the intervenor, and this issue was tried in the County Court where the claim of intervenor was denied. Appeal was taken to the District Court of Winkler County, and all original County Court papers were sent to the District Court in lieu of transcript. These consisted of probate pleadings and records, including the depositions of intervenor (appellant), from Greece, and of one Charles J. Pappas, a first cousin of intervenor, residing in the State of Delaware, U. S. A. Also, an original and translation of a certificate from Greece that Christos Antonopoulos left a widow, "Athanassia Christou Antonopoulou, born Papadopoulou", and two grandsons, and the further statement that "Athanassia widow of Christos Antonopoulos, her two gran'sons and the mother of the latter, Eleni, constitute one sole family". There was also an original and a translation of a certificate that Christos B. Antonopoulos and Athanassia N. Papadopoulou were joined in holy matrimony on June 4th, 1911, by virtue of Marriage License No. 64, dated June 3rd, 1911.

In the District Court there were added appellee's motion for summary judgment, answer thereto containing a supporting affidavit of Pappas and judgment of the District Court granting summary judgment. All these papers are before us here.

Appellant's first two points of error complain of the court's action in granting a summary judgment for the reasons that the appellee, as movant, failed to sustain his burden of proof, "but merely attempted, without any offer of his own, to force intervenor to bear the burden of proof as if the summary judgment proceeding were a trial on the merits," instead of showing the absence of a material fact issue. Appellee counters by quoting from his motion for summary judgment the following allegations:

"* * * All of the pleadings filed in behalf of the plaintiff and in behalf of the defendant together with all exhibits, depositions and other evidence show that there are no genuine issues as to material facts and same are incorporated in this motion the same as if fully set out herein and made a part hereof for all purposes * * *."

"No competent evidence of any probative value was submitted in the County Court which would establish the relationship of surviving spouse of Chris Antone, deceased, insofar as plaintiff is concerned and since plaintiff's claim is based upon her alleged relationship as the surviving spouse of Chris Antone, deceased, then her claim to an undivided ½ of the Estate of Chris Antone, deceased, must fail."

As being applicable here, appellee cites 55 C.J.S. Marriage § 43, p. 887, which reads as follows:

"There is no presumption that persons are married. Accordingly the burden of proving a marriage rests on the party who asserts it, * * * and an allegation that a party was not married does not thereby require the pleader to assume the burden of proof of nonmarriage."

Also cited is Christoph v. Sims, 234 S.W.2d 901 (Tex.Civ.App., 1950; ref., n. r. e.). We agree in general with the principles set out in appellant's brief as governing summary judgment proceedings. These principles are re-stated by the Supreme Court of Texas in the case of Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (April 24, 1965), in the following language:

"* * * Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l. Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d [929] (1962). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. [Bolin], 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957) * * *."

Although the burden of proof is on the movant and all doubts as to the existence of a genuine issue as to a material fact are resolved against him, even that being so does not change the burden of proof as it may lie in any lawsuit and make what would ordinarily be a plaintiff's onus one for the defendant, and vice versa. Here the appellee undertook to show that appellant had failed to carry her burden of proof that she and the deceased were married. In doing so, the appellee first attacks the deposition of appellant wherein she testifies to her marriage with deceased as violative of the so-called Dead-man's Statute, Art. 3716, Vernon's Ann.Civ.St. See 1 McCormick and Ray, 2d ed., Texas Law of Evidence 298, § 330: "A marriage with a decedent is a transaction with such decedent and testimony to that fact is prohibited by the statute." Secondly, appellee alleges that appellant's statement that she was "married" was a conclusion. Berger v. Kirby, 105 Tex. 611, 153 S.W. 1130, 51 L.R.A., N.S., 182 (1913). We feel that these points are well taken. Next calling our attention to the deposition and affidavit of Charles J. Pappas, the cousin of appellant, appellee charges that all material statements contained in these documents are either conclusions of fact or of law, or are hearsay. We believe that these criticisms might be directed at certain of the statements in these documents. For example, Pappas states in his deposition, while not claiming to have been present, that the deceased was married to appellant and they were not divorced. Again, in his affidavit, he states that the deceased and appellant had been "legally and ceremonially married" in Greece. However, the witness further stated in his deposition that, on the occasion of the last meeting of the deceased and the witness in July, 1958, the deceased acknowledged the marriage and gave the witness a check in the amount of $75.00 to be sent to appellant. The pleadings show that deceased died on October 12, 1958. Also, in the affidavit the witness swore: "My last meeting with Chris Antone was in Dallas, Texas, in the last part of July, 1958, a few months before his death. At that time he again acknowledged, as he always had, his marriage to Athanassia Antonopoulos, as heretofore related, gave me $75.00 to send to her and stated that he would send her $500.00 at Christmas." We feel that these admissions of the decedent are competent evidence and susceptible of proof, as are, perhaps, certain of the documents in the record which are here challenged for alleged deficiencies in authentication. Under these circumstances it is our conclusion that summary judgment was not authorized, but that the case should be tried on its merits, at which time the applicable law may be applied to the facts then presented on the issue of marriage.

■ While appellant's first two points do not precisely state what we believe to

be the error of the court as outlined above, they are sufficient to direct this court's attention to the error relied upon. Rule 418, Texas Rules of Civil Procedure. These two points are sustained, whereupon it becomes unnecessary to discuss appellant's last two points.

The judgment of the trial court is reversed and this case is remanded for further proceedings in accordance with this opinion.